## MUDGE et al. v. NEW YORK TRUST CO.
### No. 6584.

Circuit Court of Appeals, Seventh Circuit.

March 22, 1939.

Rehearing Denied May 18, 1939.

626

Edmund Burke and Gillespie, Burke & Gillespie, all of Springfield, Ill., and Maclay Hoyne and R. A. Bierdemann, both of Chicago, Ill., for appellants.

White & Case, of New York City, and Brown, Hay & Stephens, of Springfield, Ill. (J. Adam Murphy, of New York City, and Logan Hay and R. Allen Stephens, both of Springfield, Ill., of counsel), for appellee.

Before SPARKS, TREANOR, and KERNER, Circuit Judges.

TREANOR, Circuit Judge.

This is an appeal from the order and decree of the District Court dismissing plaintiffs' bill for want of necessary and indispensable parties. Plaintiffs seek by their bill to recover from the defendant on account of its act in transferring cer-

tain shares of its own stock which stood in the name of "Burton Mudge as trustee under trust agreement between Arwilda M. Mudge and Burton Mudge, dated March 4, 1920."

The question for our consideration is whether the plaintiffs' amended and substituted bill of complaint shows upon its face such a defect of "necessary and indispensable parties" as to require its dismissal. Consequently it is necessary to examine the facts which appear in the complaint.

Arwilda M. Mudge died testate on March 30, 1927, and her will was admitted to probate in the Probate Court of Cook County, State of Illinois. Two items of the will are of concern here. By one item of her will she bequeathed to Burton Mudge, as trustee, so much of the estate of the testatrix "as may be in his custody * * * as trustee at the time of my death, having been delivered to him as trustee * * * under that certain trust agreement made and entered into between me and him or between me and him and the Harris Trust and Savings Bank of Chicago, Illinois, March 4, A. D. 1920, and amendments thereto, if any, in trust, * * *." The will provided for payment of the trust income to the sons of the decedent. The life of the trust was fixed by the will, and at the expiration of the trust the trust res was to be divided among the four sons; or in case of death of a son before expiration of the trust his share was to go to his descendants. By a second item the testatrix bequeathed the residue of her estate to her four sons.

Burton Mudge was named executor of the will, and in November, 1928, filed a bill in the Superior Court of Cook County, Illinois, for construction of the will of Arwilda Mudge. Prior to the filing of this bill one of the sons, Charles, died leaving a widow and one minor son. The bill was filed by Burton Mudge as executor of the will, as trustee under the will, and individually. The bill requested the court to decide whether Burton Mudge held any property as trustee under the trust agreement of 1920 and to determine the rights of Bessie S. Mudge and others under the last will and testament of Charles M. Mudge, deceased. The parties to this proceeding, in addition to Burton Mudge in his various capacities, were his two surviving brothers, George and Hugh Mudge, the widow of Charles, who was executrix

of his estate, and the minor son of Charles who appeared by guardian ad litem. During the pendency of this action George Mudge and one of his minor children died, and there were added as parties to the proceeding the executrix of George's estate, his widow, and his minor child who appeared by guardian ad litem. The widows of the deceased sons were their sole legatees and it appears that they succeeded to their husbands' interests under the residuary clause.

The bill to construe the will was to clear up a controversy respecting the effect of two trust agreements which had been executed by Arwilda Mudge. On March 4, 1920, Arwilda Mudge entered into a trust agreement with her son Burton Mudge as trustee. By the terms of the trust agreement it was provided that the income from the trust assets should be divided into four equal parts, one part of which was to be paid to the trustor, and one part to each of her three sons, Charles, George, and Hugh. The trust was revocable by the trustor upon written notice to the trustee, and, if not terminated or revoked during her lifetime, was to cease at her death; and the assets were to be turned over to the executor named in Mrs. Mudge's will. Included in the itemized list of the trust assets was a certificate for 68 shares of the capital stock of the Liberty National Bank.

Thereafter on October 22, 1921, Mrs. Mudge entered into a second trust agreement with her son Burton Mudge as trustee. This agreement contained no mention of the first trust agreement but recited that "the donor has conveyed, assigned, transferred, and delivered and hereby conveys, assigns, transfers and delivers to the trustee" certain designated items of property, the items of property being the same as those comprising the trust res under the first trust agreement, including the 68 shares of stock of the Liberty National Bank. The terms of holding, investment and distribution in the second trust agreement were identical with those of the first, the second differing from the first only in the fact that a different successor trustee was named in the second. Like the first trust it was to terminate at the death of the trustor.

Thereafter the Superior Court entered a decree construing the will to the effect that Burton Mudge held nothing under the trust agreement of March 4, 1920, or amendments thereto, at the time of the death of Arwilda Mudge. It follows from the court's construction that the four sons took under the residuary clause without the intervention of the trust period and became entitled to all the property of the deceased which was not elsewhere bequeathed in the will. The property of the two sons who had died after the death of the testatrix passed to their widows.

The foregoing facts furnish the basis for consideration of the District Court's action insofar as it rested upon appellee's contention that Burton Mudge was a necessary or indispensable party in his capacities as (1) trustee of a testamentary trust under item 1 of the will of Arwilda Mudge; (2) trustee under the trust agreement of March 4, 1920; and (3) trustee under the trust agreement of October 22, 1921.

The decree of the Superior Court of Cook County is a final decree in a court of competent jurisdiction and necessarily disposes of any claim of interest in the assets of the estate of Arwilda Mudge by Burton Mudge in any one of his three capacities as trustee. But defendant seeks to avoid the obvious effect of the final decree, as respects Burton Mudge's interest in assets of the estate in his trustee capacities, on the ground that the decree is open to collateral attack because of extrinsic fraud and for the further reason that unborn descendants of Hugh and Burton Mudge were not represented in the suit, and consequently are not bound by the decree.

In regard to defendant's contention that the unborn descendants of Hugh and Burton Mudge were not represented and were not bound by the court's decree of construction of the will of Arwilda Mudge, we are of the opinion that under the law of Illinois such contention cannot prevail. It is true, as pointed out by defendant, that under the statute of Illinois a trustee may be appointed to represent the interests of unborn persons;[1] and no such trustee was in fact appointed. But under the Illinois doctrine of representation by identical interests unborn descendants were represented. The doctrine of representation by identical interests is well recognized by the decisions of Illinois courts as being applicable to parties not in esse. This

---

[1] Ch. 22, Sec. 6 Ill.Statutes (Bar Association) 1937.

doctrine of the Illinois law was summarized by this court in Montgomery v. Equitable Life Assurance Society of United States:[2]

"* * * if persons in being are before the court who have the same interests and are equally certain to bring forward the merits of the interests of parties not in esse, so as to give such interests effective protection, justice requires that there should be a complete decree."

In Thompson v. Adams, Ex'r,[3] this point was involved in a suit for construction of a will. Only one grandchild, a minor, was in esse and she, as a defendant, was represented by a guardian ad litem. It was held that remainders to grandchildren were contingent in character and that the defendant grandchild was representative of the class which would be composed of herself and other grandchildren, "should others be born, and the decree, being binding upon her, is likewise binding on them."

Therefore, assuming, without granting, that the testamentary trustee and the two minor defendants did not represent unborn descendants, yet the, guardian ad litem of the descendants in esse of George and Charles Mudge did represent interests which were identical with the interests of all unborn descendants of Hugh and Burton Mudge. It is true that it does not appear that the guardian ad litem "was charged by the decree with any duty other than that of representing the interests of those for whom he was appointed." But it is sufficient under the law of Illinois if the interests which the guardian ad litem is appointed to represent are identical with the interests of the unborn descendants.

It is further insisted by defendant that the decree of construction of the Superior Court of Cook County is vulnerable to collateral attack on the ground of extrinsic fraud, and that the testamentary trustee must be made a party to this suit since he may by collateral attack succeed in having the decree set aside. We do not believe that the facts which are alleged in the complaint furnish a factual basis for the contention that the decree of the Superior Court is vulnerable to collateral attack on the ground of extrinsic fraud. Defendant relies upon

Ferguson v. Wachs.[4] The evidence in the Ferguson case was such as to justify the trial court's finding (1) that the defrauding party had deliberately concealed from the court facts which the defrauding party was under a positive duty to disclose to the court, and (2) that the decree of the court resulted from such concealment of facts. The decree in the cause before the Superior Court of Cook County, which defendant in the instant case contends is subject to collateral attack, was a decree of construction of a written instrument which related to other written instruments, all of which were before the court. No doubt it can be argued with force that the construction which was given by the Superior Court of Cook County did not represent the actual intent of the testatrix. But error in that respect, no matter how serious, is not ground for collateral attack.

The facts alleged in the complaint in the instant case do not disclose that the Superior Court's construction of the will was in any way influenced by its lack of knowledge of any facts.

In our opinion the facts alleged in the complaint do not disclose grounds for a collateral attack upon the decree of construction of the Superior Court of Cook County, either on the ground of extrinsic fraud or on the ground that unborn descendants were not properly represented.

By the terms of each of the trust agreements the trustee was required to deliver the trust assets "to the executor of donor's estate for distribution in accordance with the terms of her will"; and both trusts terminated at the death of the trustor.

The construction of Arwilda Mudge's will by the Superior Court required the trust assets to be delivered to Burton Mudge as executor for distribution to the legatees under the will; and any failure to turn over the assets for this purpose resulted in loss to the legatees under the will. Consequently, any right of action based upon misappropriation or conversion of the assets of the estate created by the will would belong to those who had been harmed, to wit, the legatees of the will or the executor of the will, and Burton Mudge, has no interest in such an action in any one of his three trustee capacities.

[2] 7 Cir., 83 F.2d 758, 762.

[3] 205 Ill. 552, 69 N.E. 1, 4; See also Hale v. Hale, 146 Ill. 227, 33 N.E. 858, 20 L.R.A. 247; McCampbell v. Mason, 151 Ill. 500, 38 N.E. 672; Northern Trust Co. v. Thompson, 336 Ill. 137, 157, 168 N.E. 116.

[4] 7 Cir., 96 F.2d 910.

The present suit is brought by the widows of deceased residuary legatees and by Hugh Mudge, a residuary legatee. The substance of the allegations of the complaint is that in 1929 there was certain property consisting of the 68 shares of bank stock in custody of Burton Mudge which belonged to the estate of Arwilda M. Mudge; that Burton Mudge converted this property to his own use and that there is a cause of action for the ensuing loss in favor of those who would have received such property from the estate; and that the defendant trust company is liable for such loss because it participated in and performed certain acts which made possible the conversion.

The complaint does not seek any relief from Burton Mudge individually as a joint tort feasor, and it is a matter entirely within the choice of the plaintiffs whether they will seek to recover from him in this suit. And in respect to Burton Mudge's right as a residuary legatee it appears from the allegations that he has already taken more from the estate than he is entitled to as a legatee; and in addition he has by assignment to the plaintiffs parted with any right to share in the assets of the estate.

Defendant urges that any failure to join Burton Mudge individually as plaintiff may cut off the right of defendant to assert the inequity of Burton Mudge's claim since it is based on his wrongful act. It is not contended that the complaint does not show an operative assignment of Burton Mudge's rights to the plaintiffs. The substantive law of assignments will determine any question of availability of equitable defenses against any part of plaintiffs' claim which is represented by the assigned interest.

Since Burton Mudge individually has no such interest as to require his being made a party, there is no ground for joining Burton Mudge's trustee or receiver in bankruptcy.

It is disclosed by the complaint that in the probate proceedings under the will of Arwilda Mudge there is nothing for the executor to do but distribute the estate among those entitled thereto; and such distribution has been ordered by the probate court. It is alleged in the complaint that Burton Mudge, Executor, has refused to bring this suit; and plaintiffs have made Burton Mudge, Executor, a party defendant.

It was error for the trial court to dismiss plaintiffs' complaint for failure to make Burton Mudge a party in his various trustee capacities, in his individual capacity, and for failure to make the receiver or trustee in bankruptcy of the estate of Burton Mudge, bankrupt, a party.

The judgment of dismissal is reversed.

