John CORCORAN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15535.

United States Court of Appeals
Fifth Circuit.

Jan. 27, 1956.

**296**

Douglas W. McGregor, McGregor & Sewell, of counsel, Burke M. Martin, Houston, Tex., for appellant.

C. Anthony Friloux, Jr., Asst. U. S. Atty., Malcolm R. Wilkey, U. S. Atty., John C. Snodgrass, Asst. U. S. Atty., Houston, Tex., for appellee.

Before BORAH and JONES, Circuit Judges, and BENJAMIN C. DAWKINS, Sr., District Judge.

BORAH, Circuit Judge.

The appellant, John Corcoran, was convicted on the first and fifth counts of an eleven-count indictment. The first count brought under 18 U.S.C. § 371 charged appellant and James B. Pace, Melvin Rich, Joe D. Jarrard, Jr., and John Carrigan, and other persons unknown with conspiring together to violate 18 U.S.C. § 1001. The fifth count charged the appellant with the violation of the substantive offense denounced in 18 U.S.C. § 1001.

The first count, in pertinent part, charged that the named defendants and other persons unknown, "did unlawfully, knowingly and feloniously combine, conspire, and confederate and agree together, and one with the other, * * * to commit certain offenses against the United States of America, to-wit:

"1. To make and cause to be made, false, fictitious and fraudulent statements and representations of material facts to an agency of the United States, to-wit: the Veterans Administration, said statements and

representations being in the form of applications for home loan guaranties to the Veterans Administration, in violation of Sec. 1001, Title 18, U.S. Code.

"2. To use and to cause to be used, false writings and documents, knowing the same to contain false, fictitious and fraudulent statements concerning material facts in applications for guaranties of loans by the Veterans Administration, an agency of the United States, in violation of Sec. 1001, Title 18, U.S. Code.

"3. Unlawfully and knowingly to cover up by tricks, schemes and devices, material facts in matters within the jurisdiction of the Veterans Administration, an agency of the United States, in violation of Section 1001, Title 18, U.S. Code.

"That said conspiracy was substantially as follows:

"Melvin Rich and James B. Pace were to procure listings of new houses for sale. In order to facilitate the sale of such houses, James B. Pace and Melvin Rich would pay sums of money to various veterans who were entitled to home loan guaranties by the Veterans Administration in order to induce the said veterans to apply for Veterans Administration loan guaranties, and to accept conveyances of property covered by said loan guaranties. In order that the said loan application be acceptable to the Veterans Administration, the veterans were to be induced to make a statement in said application that he, the veteran, was applying for the loan in order that he might occupy the property as his home. The defendants and each of them well knew and understood that such statements made by the veterans were untrue at the times when made and were still untrue when the applications were later used and formed the basis for transfer of the property to the veteran's name. John Corcoran would then obtain commitments for said guaranteed loans from the Prudential Insurance Company of America. John Carrigan, an attorney, and Joe D. Jarrard, Jr., an attorney, would then draw and cause to be drawn, the following deeds and instruments, to-wit: Warranty deed transferring the property to the veterans and warranty deed transferring property out of the veteran's name. Melvin Rich would then locate and make arrangements to sell the houses covered by GI loan guaranties and loan commitments to individuals not entitled to apply to the Veterans Administration for loan guaranties. Thereby defendants would be able to sell houses with "GI Loans" thereon without regard to whether the true purchaser of said houses could qualify for a loan guarantee from the Veterans Administration or not."

The overt acts, seven in number, were then set out.

The Fifth count charged that appellant, together with James B. Pace and Melvin Rich "did cause Oliver J. Graff, a veteran, to execute and present to the Regional Office of the Veterans Administration, * * * an application for Home Loan Guaranty [on described property] in which said application it was stated that the purpose for which the loan was sought was to purchase a home, without which said statement said application could not and would not be approved by the Veterans Administration, when the said [defendants] then and there well knew that the said Oliver J. Graff did not intend to occupy the said property as his home. (Vio. Sec. 1001, Title 18, U.S.Code)"

 Appellant is here insisting that both counts are fatally defective because the sole and only statutory sanction involved is that found in 38 U.S.C.A. § 715, which imposes penalties for making or conspiring to make false statements concerning claims for benefits under the Servicemen's Readjustment Act, the Act under which the Veterans Loan Program was initiated. The argument is not persuasive. It is apparent from a reading

of Section 715 that Congress provided that not only the offender, if entitled to any veterans' benefits under the laws referred to therein and the Servicemen's Readjustment Act, into which Section 715 has been incorporated, "shall forfeit all rights, claims, and benefits" under these Acts, but provided also that, "in addition to any and all other penalties imposed by law [he] shall be guilty of a misdemeanor * * *." Under Section 715 the gravamen of the offense is to make or in any wise procure the making or presentation of a false or fraudulent statement "concerning any claim for benefits" under the said Act. Whereas, Section 1001 of Title 18 does not provide that the false statement or document be in connection with any particular claim for benefits, but merely that it shall have been in connection with a matter over which the department or agency of the government to which it was submitted has jurisdiction. Thus, not only do the two offenses differ in respect to at least one material element, but Congress in enacting Section 715 specifically provided that the violator should be guilty of a misdemeanor in addition to any and all other penalties imposed by law. We therefore hold that in enacting Section 715 of Title 38, Congress did not intend to repeal, amend, or suspend any provision of 18 U.S.C. § 1001. United States v. Aderman, 7 Cir., 191 F.2d 980. Cf. United States v. Gilliland, 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598.

The remaining questions confronting us for decision are whether the trial court erred in denying appellant's motion for severance; in admitting certain government exhibits; and in refusing to give two requested charges.

Prior to the trial appellant filed a motion to sever, alleging as grounds therefor: (1) that certain oral statements which would be admissible against other defendants, were not admissible against defendant Corcoran; (2) that since appellant was charged in only one of ten substantive counts, the cumulative effect of the admission of evidence against the other defendants on nine other substantive counts would be inflammatory and would highly prejudice the jury against defendant Corcoran; and (3) that because of the similarity of the names John Corcoran and John Carrigan, the introduction of evidence against Carrigan would be inflammatory against the defendant Corcoran and would mislead the jury. No evidence was offered in support of the motion and it was denied. Thereafter, during the progress of the trial and on the occasions when the allegedly prejudicial evidence was presented to the Court and jury, the appellant reurged time and again his motion to sever and in each instance the motion was denied.

 We think the rulings of the trial court must stand. No principle in the law is more clearly established than that the granting or denial of a motion to sever rests in the sound judicial discretion of the trial court, and unless that discretion has been abused, the ruling will not be disturbed on appeal. Raarup v. United States, 5 Cir., 23 F.2d 547. The record does not show that appellant would be or that he was prejudiced by the denial of his motion for a severance. Throughout the trial and whenever evidence was introduced which was competent against one or more of the other defendants, but incompetent against appellant, the trial judge carefully cautioned the jury against considering that evidence in passing on the charges against defendants other than the one (or ones) against whom alone that evidence was admitted. We cannot on this record say that the court's discretion was abused by its refusal of severance.

 Appellant contends that the Court also erred in admitting in evidence the document which the Veterans Administration had before it in relation to the Oliver J. Graff loan on the ground that the government failed to prove "execution" of the document by Graff. The evidence shows that this document was produced from the official files of the Veterans Administration and that it was identified by Graff by his signature which was affixed thereto. But appellant ar-

gues that since the fifth count charged that he "did cause Oliver J. Graff * * * to execute and present" the application, in which "it was stated that the purpose for which the loan was sought was to purchase a home," the proof of signature of Graff to a blank paper, which was proven at the trial to have been filled in by another, did not constitute proof that Graff ever "executed" or "presented" the document. We do not at all agree, for in this case, which closely parallels Russell v. United States, 5 Cir., 222 F.2d 197, 199, there is abundant evidence that appellant "was in on the commission of the offense from its inception and after its conclusion." Without undertaking to set forth the facts in detail, we are content to say that the evidence is sufficient to show that the appellant, through his agent-employee, caused to be made the false statement on the application form which was used by the Veterans Administration as the basis for issuance of the loan guaranty to Graff. Equally without merit is appellant's objection to the admissibility of three exhibits which consisted of duly authenticated statements by Pace, setting forth the facts which constituted Pace's participation in the conspiracy, for the all-sufficient reason that these exhibits were admitted against Pace alone.

Appellant also complains of the trial court's action in refusing to give two requested charges, the first of which was in the following words:

"In order for an Act to be willfully committed and come within the term as used in Count One and Count Five in the Indictment and as used in the Statute under which this prosecution is brought, it must have been committed by the defendant *with an evil intent,* and with knowledge that it was unlawful, and with the specific intent on the part of the defendant to fraudulently conceal material facts in matters within the jurisdiction of the Veterans Administration." (Italics ours.)

The requested charge insofar as it states that "in order for an Act to be willfully committed * * * it must have been committed by the defendant with an evil intent" was inapplicable in a case such as we here consider for the reasons stated in our opinion in McBride v. United States, 5 Cir., 225 F.2d 249. The trial judge in charging the jury and in speaking of the meaning of the word "wilful," said:

"for an act to be 'wilful,' within the purview of Section 1001, the person doing the act must then have known what he was doing and deliberately did such act, conscious that what he was doing was unlawful."

This charge was adequate and entirely proper, and in strict conformity with our holding in the McBride case.

Appellant's second requested charge was in the following words:

"You are instructed that in the event you find that the house purchased by Oliver J. Graff, Jr., was completed on the date of the signing of Exhibit 6A, then such representation made therein that same was to be occupied as a home became irrelevant and immaterial and you should acquit the defendant Corcoran."

We are in no doubt that the requested charge was rightly refused. The statement on the application of the purpose for which the loan was sought was false and would have caused the loan to be rejected if the true facts had been known to the Veterans Administration. Our former opinion in the Russell case, supra, obviates the necessity for any further discussion. See, also, Karrell v. United States, 9 Cir., 181 F.2d 981; Todorow v. United States, 9 Cir., 173 F.2d 439; 38 U.S.C.A. § 694(a); and 38 C.F.R. 36.4000(j).

We find no reversible error in the record, and the judgment is accordingly

Affirmed.