T. Green **DUKE**, Doyle **Willbanks**, Edwin J. **Waters**, Curtis H. **Fordham**, Wesley **Fiveash** and Jule **Rhoden**, Appellants,

v.

**UNITED STATES of America,**
Appellee.

No. 15882.

United States Court of Appeals Fifth Circuit.

May 25, 1956.

898

J. C. McDonald, Fitzgerald, Ga., Jack J. Gautier, Macon, Ga., O. T. Gower, Cordele, Ga., for appellants.

Floyd M. Buford, Asst. U. S. Atty., Frank O. Evans, U. S. Atty., Robert B. Thompson, Asst. U. S. Atty., Macon, Ga., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

Charged with, and convicted of, being a party to a widespread, far flung, and long lived conspiracy to violate the Internal Revenue laws, the defendants have appealed.

Here, urging three grounds of error,[1] appellants attacking the twenty-two page indictment, with its fifty-eight proliferations in the form of overt acts, as a besom of wrath designed to sweep them to destruction and calculated, by joining in one count offenses and defendants having no reasonable connection with each other, to deprive the hapless defendants so joined of a fair trial, assail the rulings of the court denying their motions to dismiss for severance, and for a directed verdict, as completely erroneous.

■ Of the errors assigned, for the reasons hereafter briefly stated we reject as completely without merit Assignments of Error Nos. 1 and 2, and Subdivision (1) of Assignment of Error No. 3.

■ The sufficiency of an indictment must be determined on the basis of practical rather than technical considerations, Hopper v. United States, 9 Cir., 142 F.2d 181. It is sufficient if it apprises the defendant of the offense charged with such definiteness that, if he is later charged with the same offense, he will be in a position to plead double jeopardy, U. S. v. Williams, 5 Cir., 202 F.2d 712; Norris v. United States, 5 Cir., 152 F.2d 808; Sutton v. United States, 5 Cir., 157 F.2d 661.

■■ In a conspiracy charge the conspiracy is the gist of the offense, and as a rule where, as here, it is claimed that there was more than one general conspiracy charged, the claim cannot be tested by a reading of the indictment, its testing must await the conclusion of the evidence. A mere reading of the indictment makes it plain, we think, that in refusing to dismiss it, the court did not err.

■ Appellants' second ground of error, the refusal to grant the motions for severance, deals with a matter resting in the sound judicial discretion of the

---

1. (1) The refusal to dismiss the indictment for the reasons that the indictment was vague and indefinite as to the manner, means, and extent of the conspiracy and was duplicitous in joining unrelated offenses;

(2) The refusal to grant the motions for severance for the reasons that the scope of the indictment is so wide, the overt acts so disconnected and diffused that by being tried together each defendant would be so prejudiced as to make a fair trial impossible.

(3) The refusal to grant the motion for judgment of acquittal made by each of the defendants for the reasons (1) that the evidence was insufficient to establish the venue in the Macon Division of the District Court, and (2) there is a fatal variance between the allegations of the indictment and the proof on the trial in that instead of proving one conspiracy as alleged, at best for the government several different conspiracies were proved and a large part of the matters proven were so completely disconnected with and separate from the conspiracy charged that, as held in Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 and Brooks v. United States, 5 Cir., 164 F.2d 142, it was impossible for the error not to prejudice the defendants.

trial court. Unless that discretion has been abused the ruling will not be disturbed. Corcoran v. United States, 5 Cir., 229 F.2d 295. It may not be denied, though, that the greater the melee the more nearly the trial of a case approaches the dimensions and character of a Donnybrook Fair with a general laying about the more difficult it is for the individual defendant to make his defense.

■ In recognition of the fact that this is so, the appellate courts have in individual cases held that a denial of a motion for severance was an abuse of discretion. Discretion is, however, a two way street. It is the right of the government to join in a conspiracy all of those against whom it has, or believes it has, evidence, and it is the duty of the court to permit proper joinder. Only in a case, therefore, where joinder is on its face excessive and unreasonable, and this is not such a case, should the refusal to grant a severance be held reversible error.

■ Finally, as to appellants' claim that proof of venue was not made, we think they stand no better. If, as we have already declared, the indictment charged one and not several conspiracies and, as will be further stated in the course of this opinion, the proof as to most of the defendants supported the indictment, venue was properly proved. For the evidence overwhelmingly supports the allegation that the conspiracy was formed in the Middle District of Georgia, and that overt acts 5, 33, and 34 were committed in the Macon Division.

We come then to a discussion of subdivision (2) of error three, the ground mainly pressed upon us, that there was a variance between the allegations of the indictment and the proof on the trial, and a verdict should have been directed as to each of the defendants.

As might be expected, with such a burgeoning of overt acts, with so much time and space to compass, and with such a cloud of witnesses, the case dragged its slow length along for weeks, producing more than 3000 pages of testimony.

Many of the witnesses testified with comparative brevity. This was not the case, however, with the witness Dorminey, deputy to and the alleged confederate of sheriff Fiveash. Though, or perhaps because, his alleged part in the whole scheme was minuscular, he was examined and cross-examined for 123 pages and was acquitted by the jury, apparently, since it convicted Fiveash, as a tribute to his staying powers as a witness or to his apparently complete incomprehension of what it was all about and the whys and wherefores of his plight. Another witness, David Fitzgerald, the star witness upon whom the government largely relied to show that as to the overt acts the trail of the same serpent was over them all, contributed 200 pages, while the contribution of the undercover agent Dunn was somewhere in between.

As a result of such a trial and such a swearing match as to so many acts, facts, and persons, nobody charged escaped a smearing. If, therefore, our only task was to determine as to each convicted defendant whether there was evidence that in respect of the liquor laws his attitude was not what it ought to have been and that in some way and at some time and place he did something he ought not to have done in connection with violations thereof, we should come easily and at once to the conclusion as to all of the defendants that the judgment must be affirmed.

Since, however, this is not the situation, there is required of us a brief statement of the general principles governing the charging and proof of the offense of conspiracy and the application of the principles to the case made against each defendant to determine if the evidence is sufficient to convict him.

■ For our present purpose it is sufficient to say that a conspiracy is an agreement to commit a crime or to engage in criminal activities attended by one or more overt acts. It needs no writing to make or prove it. It need not be explicit. It may be implicit. Evidence to prove it need not, therefore, be direct.

It may be and usually is circumstantial. It is not necessary that all persons guilty of it should come into it at one time or that they should all know each other, the complete and exact scope of the conspiracy, or all of its understanding, ramifications and activities. It is necessary, however, in order to convict one of a conspiracy that there be proof, circumstantial or direct, or both, that the person charged had knowledge of the existence of the conspiracy and with that knowledge intentionally did some act or thing to further and carry it on.

The decisions of this court in Johns v. United States, 195 F.2d 77 and of the United States Supreme Court in United States v. Falcone, 311 U.S. 205, 61 S.Ct. 204, 207, 85 L.Ed. 128, and our decisions dealing generally with conspiracies [2] fully support this position. In the Falcone case, the court, citing among other cases our case of Beland v. United States, 100 F.2d 289, said:

"The gist of the offense of a conspiracy, as defined by § 37 of the Criminal Code, 18 U.S.C. § 88 [now 18 U.S.C. § 371], 18 U.S.C.A. § 88, is agreement among the conspirators to commit an offense attended by an act of one or more of the conspirators to effect the object of the conspiracy.

\*  \*  \*  \*  \*  \*

"Those having no knowledge of the conspiracy are not conspirators \* \* \* and one who without more furnishes supplies to an illicit distiller is not guilty of conspiracy even though his sale may have furthered the object of the conspiracy to which the distiller was a party but of which the supplier had no knowledge."

▮ Subjecting the evidence in this case to these acid tests, we are in no doubt as to Duke, the state enforcement officer, who, furnishing protection from the law, was the shield and buckler of the conspiracy, as to Doyle Willbanks, who backed it with money and furthered it with his interest and attention, as to Edwin J. Waters, still operator and general factotum, and as to Curtis H. Fordham, the Cordele police officer who collected toll in exchange for warning the conspirators of the presence and activities of enforcement officers, that the evidence fully supports the verdict and judgment, that they were all knowing parties to the conspiracy and that each in his own way contributed his bit to it and worked effectively at and in it.

This is true also of Jule Rhoden, whose claim is that he was not a member of the conspiracy but, within the teaching of the Johns and Falcone cases, was a mere seller of whiskey without knowledge of the conspiracy and not a supplier or an aider and abettor thereof. His contacts with Houston and Fitzgerald, the prime movers in the conspiracy, the great amount of whiskey which he regularly furnished for their illicit trade, his personal acts and activities in doing so, furnish abundant evidence from which the jury could have found either that he was an active member of the conspiracy participating in its general aims and sharing in its general avails and profits, or that, with full knowledge of its existence, he was an aider and abettor thereof. Indeed, we think the jury would have stultified itself if it had found otherwise.

▮ The matter stands quite differently, however, as to Fiveash, the sheriff of Turner County, who, according to the government's evidence had joined Duke and Houston in planting moonshine whiskey on, and then arresting certain persons, whose testimony had brought about Duke's indictment in that county.

Giving to the government's evidence the fullest scope and weight possible to accord to it, it proves no more than that

**2.** Kopald Quinn & Co. v. United States, 5 Cir., 101 F.2d 628; Burk v. United States, 5 Cir., 124 F.2d 879; Baker v. United States, 5 Cir., 156 F.2d 386; United States v. Hood, 5 Cir., 200 F.2d 639; Owens v. United States, 5 Cir., 221 F.2d 351.

the sheriff did, with Duke and Houston, engage in the dirty business of ensnarement, if not entrapment, apparently regarded in many places and by many enforcement officers as inseparable from the performance of their duties, of planting evidence on persons against whom, for one reason or another, the enforcement officers desire to make a case. There is not one syllable of testimony from which it might be inferred that Fiveash knew of, or was aiding and abetting the conspiracy charged in the indictment. The case, therefore, as to him, failed utterly, and a verdict of acquittal should have been directed on his motion.

The judgment as to all of the appellants, except Wesley Fiveash, is affirmed. As to him the judgment is reversed, and the cause is remanded with directions to acquit him.