**UNITED STATES of America,**
**Appellant,**

v.

**Richard Harold HANSEN, Appellee.**

**No. 15943.**

United States Court of Appeals
Ninth Circuit.

Oct. 8, 1958.

Krest Cyr, U. S. Atty., Butte, Mont., Dale F. Galles, Billings, Mont., Michael J. O'Connell, Asst. U. S. Attys., Butte, Mont., for appellant.

Hayden C. Covington, Brooklyn, N. Y., for appellee.

Before FEE and HAMLIN, Circuit Judges, and BOWEN, District Judge.

JAMES ALGER FEE, Circuit Judge.

Defendant Hansen was charged with a failure to perform a duty required of him under the Universal Military Training and Service Act by the following indictment:

"In the United States District Court, District of Montana, Butte Division

Criminal No. 3762

United States of America, Plaintiff
 v.
Richard Harold Hansen, Defendant.
Indictment
(Title 50 App. U.S.C.A.
§ 462)
"The Grand Jury Charges:
"Count One

"Richard Harold Hansen, a male person subject to the Universal Military Training and Service Act, registered as required by said Act and regulations promulgated thereunder, and thereafter he became a registrant of Local Board No. 7, said board being then and there duly created and acting, under the Selective Service System established by said Act, in the County of Cascade, in the State and District of Montana; pursuant to said Act, and the rules and regulations promulgated thereunder, Richard Harold Hansen was classified 1–AO, and was notified of said classification; and a notice and order by said board was duly given him to report for induction into the Armed Forces of the United States of America, on January 31, 1957, at Great Falls, County of Cascade, State of Montana, for forwarding to an armed forces induction station; and he was duly forwarded to the Armed Forces induction station at Butte, Montana; and on the 1st day of February, 1957, at Butte, in the State and District of Montana, said Richard Harold Hansen did knowingly fail, neglect and refuse to perform a duty required of him under said Universal Military Training and Service Act, and the regulations promulgated thereunder, in that said Richard Harold Hansen then and there knowingly failed, neglected and refused to be inducted into the Armed Forces of the United States of America, as so notified and ordered to do.

"Reuben A. Quenzer,
Foreman of the Grand Jury
Krest Cyr,
United States Attorney.
"[Endorsed]: Filed June 7, 1957."

The District Court sustained a motion to dismiss the indictment for failure to state an offense against the United States. The government appeals.

The able judge of the District Court wrote a careful opinion reflecting his conscientious concern that a person classified 1–AO, as was Hansen, should by any mischance be subjected to combatant or other military service of any sort. This concern has been shared by the courts and by the Congress and by the Selective Service System, as is evident by a review of the opinions, the enactments and the relevant regulations.

 There is for consideration here only the question whether the language of the indictment as a whole states a crime against the United States.

"Richard Harold Hansen was classified 1–AO, and was notified of said classification; and a notice and order by said board was duly given him to report for induction into the Armed Forces of the United States of America * * *."

This allegation clearly states that the Board had performed its duty. It had classified Hansen as 1–AO, under which, in virtue of all the statutes and regulations on the subject, it was positively enjoined and required that Hansen, if he were inducted into the armed forces, be assigned to noncombatant service as defined by the President.[1] The Board,

---

1. The authority for induction into the Armed Forces of the United States applies to all male citizens, and the obligation of four months' military training is set forth in § 454(a) of the Universal Military Training and Service Act,

which had properly classified Hansen, according to the indictment, had the power and the duty to order him to be inducted into the armed forces of the United States of America. It was the duty of Hansen to obey the order. There is no requirement that the indictment set out the order verbatim. It was not necessary to set out in the indictment what was to be done after induction.[2] The law and the regulations make it crystal clear that, since he was classified as 1–AO and under that classification notified and ordered to report, he could only be assigned legally to noncombatant service and could not legally be required to do combatant or military service of any kind. The addition of the words to the indictment, "for assignment to noncombatant service only," would be pure surplusage in view of the other allegations of the charge.

The evidence adduced may not prove the charge as laid. If the order be in truth defective in any essential, an acquittal would necessarily be directed on trial. There has been considerable argument by defendant as to the content of the order issued by the local Board. The short answer is that the order is not before this Court and was not before the District Court. The language of the pleading was sufficient to permit proof of an order impervious to criticism.

A great deal of criticism is directed to Congress because the basic statute was amended in 1951 to require that every person inducted into the armed forces of the United States, except one "who by reason of religious training and belief is conscientiously opposed to participation in war in any form," shall be given full and adequate military training for service in the armed force into which he is inducted for a period of not less than four months. This amendment is of stellar importance in assuring that man shall not go into combat in the future without adequate training. It is belated wisdom based upon unfortunate experience of past wars. But the argument proceeds as if Congress had thereby repealed the previous exclusion of conscientious objectors. The reports of congressional committees and the Act itself are castigated because of the use of the words, "Every person inducted into the Armed Forces pursuant to this subsection," as though no exception were granted to conscientious objectors.

 A highly technical argument can be made that Subsection (a) of Section 454 is the subsection of the Act which provides for the induction of persons into the armed forces. This subsection also now provides that every person inducted "pursuant to the au-

---

Title 50 U.S.C.A.Appendix: "Except as otherwise provided in this title [sections 451–454 and 455–471 of this Appendix], every male citizen * * * shall be liable for training and service in the Armed Forces * * * The President is authorized * * * to select and induct into the Armed Forces * * * such number of persons as may be required to provide and maintain the strength of the Armed Forces. * * * Every person inducted into the Armed Forces pursuant to the authority of this subsection after * * * [June 19, 1951] shall * * * be given * * * military training * * * for a period of not less than four months * * *." Pursuant to the exception contained in the opening clause of § 454(a), the particular exemption applicable here is set out in § 456(j) of this same Title: "Nothing contained in this title * * * shall be construed to require any person to be subject to com-

batant training * * * who * * * is conscientiously opposed to participation in war * * * Any person claiming exemption from combatant training * * * shall, if he is inducted * * * be assigned to noncombatant service as defined by the President * * *."

2. It is the universal rule in the federal courts that an indictment is sufficient if it contains the elements of the offense to be charged and sufficiently apprises the defendant of what he must be prepared to meet. Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861; Rose v. United States, 9 Cir., 149 F.2d 755; Duke v. United States, 5 Cir., 233 F.2d 897; Braswell v. United States, 10 Cir., 224 F.2d 706. "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Rule 52(a), Federal Rules of Criminal Procedure, 18 U.S.C.A.

thority of this subsection" shall be given full and adequate military training for not less than four months. Subsection (j) of Section 456 of the same Act provides that, if conscientious objectors are inducted, they shall be assigned to noncombatant service, but does not itself provide for induction of such objectors. It is then contended there are two different types of induction. First, it is said, there is "induction into the armed forces of the United States." On the other hand, it is argued there is "induction into the armed forces of the United States for assignment to noncombatant service only."

The argument carries its own inherent refutation. Section 454(a) provides for the induction of every person (conscientious objector or not) into the armed forces of the United States. This induction provided for by the statute is not complicated by assignment, which necessarily comes later. Section 454(a) also provides "every person" so inducted shall be given four months military training. The obligation to be inducted is stated as absolute. After assignment, every person must receive military training. Then Subsection (j) of Section 456 states an absolute exception and exemption of the conscientious objector from subjection to combatant training and service, and positively directs that he shall be *assigned* to noncombatant service.

Since the mandate for induction stated by one section is universal and the exception from assignment for combatant training and service is stated in another section, the intent of Congress is plain.[3] The criticism of the statute is unfounded. This brings us to the procedural field. It is a rule of pleading, consistently recognized even before the adoption of the Criminal Rules, that it is not necessary for an indictment to negative the exceptions or exemptions of a statute.[4]

Reliance might have been placed upon the fact that pleading under the Criminal Rules is not subjected to critical and technical refinements. There is no reason to except from this rule the case at bar.

The indictment stated an offense against the United States.

Reversed.

3. " * * * the normal assumption is that where Congress amends only one section of a law, leaving another untouched, the two were designed to function as parts of an integrated whole. We should give each as full a play as possible." Markham v. Cabell, 326 U.S. 404, 411, 66 S.Ct. 193, 196, 90 L.Ed. 165.

4. "By repeated decisions it has come to be a settled rule in this jurisdiction that an indictment or other pleading founded on a general provision defining the elements of an offense, or of a right conferred, need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same action or elsewhere, and that it is incumbent on one who relies on such an exception to set it up and establish it." McKelvey v. United States, 260 U.S. 353, 357, 43 S.Ct. 132, 134, 67 L.Ed. 301; Seele v. United States, 8 Cir., 133 F.2d 1015.