**A. Z. HANDFORD, Appellant,**
v.
**UNITED STATES of America,**
**Appellee.**
**No. 17316.**

United States Court of Appeals
Fifth Circuit.
Nov. 21, 1958.

States Attorney, Handford v. United States, 5 Cir., 1958, 249 F.2d 295. The facts are fully set forth in that opinion and will not be repeated here.

█ As he did before, appellant assigns as error the failure of the court below in this case to grant his motion for acquittal based upon the charge of insufficient evidence. This assignment is mentioned in his brief, and reliance is placed upon it but no argument is made to support it. We think there was sufficient evidence to take the case to the jury.

Appellant's argument takes rather a wide range, but the record reflects only three objections upon which error could be predicated and our discussion will be confined to them.

█ The Government based its case upon the testimony of Sheriff Johnson who, while detailing what was said when appellant came up to where the whiskey had been found, testified that he had greeted appellant thus: "A. Z., I thought you told me you were going to stay out of the whiskey business." Objection was made and the United States Attorney promptly stated: "I did not intend for that to come into the record, Your Honor;" whereupon the court instructed the jury to disregard it.[1] Normally, what was said under the circumstances here revealed between the officer and the accused would be competent, and appellant relies upon the statements he made to the officer in the same conversation, which were favorable to him. But assuming that the answer might be considered of doubtful admissibility, whatever slight error might have been involved was clearly cured by the judge's instruction to the jury.

█ The other two errors argued are directed against the argument of the United States Attorney. The former of the two objections related to the government attorney's reference to a surveyor's plat which appellant had offered in evidence. The attorney stated that this was

Charles H. Kirbo, Vance Custer, Bainbridge, Ga., Custer & Kirbo, Bainbridge, Ga., for appellant.

Frank O. Evans, U. S. Atty., Macon, Ga., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and BROWN, Circuit Judges.

PER CURIAM.

This is an appeal from a second judgment of conviction of appellant based upon jury verdict on a charge of possession of nontaxpaid whiskey. We reversed the former conviction because of prejudicial argument made by the United

1. "By the Court: Very well. Members of the jury, pay no attention to the answer which the witness has just given on that question. Just wipe that out of your mind and forget about it. It is ruled out."

the first time he had ever known of "a nice plat of the premises coming into a courthouse where I have tried a liquor case * * *." Upon appellant's objection the United States Attorney stated: "I apologize to defendant's counsel and to the Court. I probably shouldn't make that observation." And the judge instructed the jury to disregard it.[2]

■ The second objection was made when the United States Attorney told the jury that they had an opportunity "to clean up a good situation here of a man that operates behind the gun * * *," which idea was repeated several times. Appellant objected, inferring that the United States Attorney was trying to bring the presence of firearms into the record, whereupon the United States Attorney disavowed any such intention, explaining that he was referring to appellant as one who operated through somebody else, not appearing in the open but carrying on the illicit business through others as "his tools out there to operate the liquor business." After an extended colloquy between the court and counsel, the court asked whether appellant's counsel would have any objection to the argument if it was confined to the two people whom appellant had called "his chillun," and who turned out to be his wife and an outsider. To that appellant's attorney responded: "Nothing except that he's overrun his time, his fifteen minutes, Judge." Under the circumstances set forth, it appears that the colloquy had turned out to appellant's satisfaction and that the objection was in effect abandoned.

The entire argument of the United States Attorney is reproduced in the record and there is no doubt about the fact that it shows quite a zealous prosecution of the appellant. Most of it was made without objection, however, and that which was made the subject of objection was properly handled, so that there seems little, if any, likelihood that the jury could have been misled by it into return-ing a verdict based upon passion and prejudice.

No reversible error appearing, the judgment is

Affirmed.

**2.** "By the Court: Yes. Don't go outside of the record, Mr. Evans, and I instruct the jury to pay no attention to that remark."