**Lawrence E. FOGARTY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17356.**

United States Court of Appeals Fifth Circuit.

Feb. 12, 1959.

Rehearing Denied April 3, 1959.

202

C. Anthony Friloux, Jr., Houston, Tex., for appellant.

Newton B. Schwartz, Asst. U. S. Atty., William B. Butler, U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and BROWN, Circuit Judges.

CAMERON, Circuit Judge.

Appellant Fogarty and John Heaslet were indicted and convicted of conspiring to misapply the funds of a bank of which Fogarty was vice president, and on four substantive counts charging specific misapplication of such funds. Heaslet was an automobile dealer, and Fogarty's bank handled a large volume of his notes, liens and deferred payment contracts. The misapplication of funds and the false entries on the books of the bank related to the purchase by the bank of these written instruments and to the opening of special accounts in the bank for the alleged joint benefit of Fogarty and Heaslet.

Appellant does not challenge the sufficiency of the evidence; in fact, the salient facts are set forth in a stipulation of the parties and they establish appellant's guilt beyond question. Under these circumstances a further recitation of the facts is not required except as reference is made to them in discussing the errors assigned.

■■ Appellant argues five points in his efforts to show that the court below committed reversible error in his trial.[1] Points I, III and IV deal with the court's charge concerning appellant's failure to testify,[2] and the argument of government counsel, which he contends amounts to comment upon the fact that he did not testify.[3] Appellant neither objected to the quoted charge nor requested an instruction relating to his failure to testify as required by Rule 30, Fed.R.Crim.Proc., 18 U.S.C.A. This portion of the charge was not mentioned when the court called upon counsel, in the absence of the jury, to state their objections to the charge. Certainly the charge as given does not constitute plain error which we will notice under Rule 52(b). Isgate v. United States, 5 Cir., 1949, 174 F.2d 437; and Ehrlich v. United States, 5 Cir., 1956, 238 F.2d 481. This is especially true where there was a complete failure to request a charge on the matter complained of. Risinger v. United States, 5 Cir., 1956, 236 F.2d 96.[4]

---

1. "I. Charge on the Law by Trial Court concerning Defendant-Appellant's failure to testify in his own behalf was erroneous and constitutes substantive error."

"II. The Trial Court's comments and charge to the jury exceeded the permissive discretionary bounds and constituted fundamental error."

"III. The comment by Government Counsel during their argument to the jury constituted a comment on the failure to testify by the Defendant-Appellant and contravenes the Statutory Provisions of Title 18 U.S.C.A. [§] 3481, and the spirit, if not the letter, of the Fifth Amend."

"IV. Denial of Defendant-Appellant's motion for a mistrial on the basis of Government Counsel's improper argument was error."

"V. Admission of testimony of Co-Defendant concerning an alleged ex-parte statement prepared by Council for hostile Co-Defendant, after exclusion of the document itself, was error."

2. "I instruct you further, that Mr. Fogarty, one of the defendants, has not seen fit to take the witness stand, and to testify in his own behalf. I instruct you that under the Fifth Amendment of the Constitution of this country, that he is within his rights in adopting that view. The fact that he did not testify is not evidence of his guilt; and you will not let the fact that he saw fit not to testify, weigh in the slightest degree against him in your deliberations, nor will it be a subject of discussion or comment during your deliberations."

3. "We have brought you what evidence we could find, or that the agents could find in this case. These documents came out of this bank; everyone of these documents was handled by Fogarty, or was handled by Heaslet, and sometimes together. We don't know what goes on inside their minds; we can't climb inside and see. We can't tell, even if we knew. The only thing we can do is draw an inference from these documents."

4. The charge as given, moreover, embraces the substance of what, under the decisions and particularly under the case

We think that appellant's contention that the attorney for the Government adverted to his failure to testify while making his closing argument to the jury is without merit. One would have to strain hard to invest the language quoted supra, footnote 3, with such a meaning. Here again no objection was made to the argument when made. It is not sufficient to move for a mistrial after all the arguments are in. The purpose of requiring objection to be made while the argument is in progress is to give counsel making the argument a chance to withdraw or explain it and the court a chance to exclude it from the jury's consideration. The Rules requiring prompt objection and the assignment of reasons therefor are rules of reason and their observance should not be lightly disregarded. Cf. Paoli v. United States, 1956, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278; United States v. Schuermann, 8 Cir., 1949, 174 F.2d 397, certiorari denied 338 U.S. 831, 70 S.Ct. 69, 94 L.Ed. 505; and Corcoran v. United States, 5. Cir., 1956, 229 F.2d 295. We sit in judgment upon the actions of the trial court which were challenged by proper objections and cannot, except under the plain error doctrine of Rule 52(b), which certainly does not apply here, search for errors which were not presented to the trial court. Cf. De Fonce Const. Co. v. City of Miami, 5 Cir., 1958, 256 F.2d 425, 428, and cases listed in footnote 2 of that decision.

Where it is shown that injustice probably resulted to a person charged with crime, or where the evidence of guilt is not strong, we have not hesitated to condemn improper argument and to reverse convictions even where exception is not duly taken. Steele v. United States, 222 F.2d 628; Nalls v. United States, 1956, 240 F.2d 707; Ginsberg v. United States, 1958, 257 F.2d 950; and Handford v. United States, 1957, 249 F.2d 295; and cf. same case, 1958, 260 F.2d 890. But we are not dealing with such a case here, where the guilt of appellant is perfectly plain. Moreover, a reading of the entire argument will demonstrate that the content was fair and unexceptionable with respect to each of the points presented in appellant's argument.

At the conclusion of the court's charge appellant, when asked if there were any objections, excepted to the court's charge in quite general terms.[5] The objection wholly fails to state distinctly the matter to which appellant was objecting and the grounds of his objection, as required by Rule 30.[6] Appellant argues in the brief that certain comments by the court favorable to the co-defendant Heaslet had the necessary effect of pointing the finger of guilt at Fogarty. We set forth in the margin the various portions of the charge quoted in appellant's brief, to which we have added sufficient of the context to make the excerpts understandable.[7]

relied on by appellant, Bruno v. United States, 1939, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257, the trial court should have charged.

5. "Now, as to the Court's comment on the evidence, on behalf of the Defendant Fogarty, we would like to move for a mistrial. It is this Defendant's position that after the instruction and comment of the Court on the evidence, that no jury in this Court could fairly and impartially consider the facts of this case as to the Defendant Fogarty without assuming from the Court's comment—and I think fairly—that the Defendant Fogarty is guilty beyond a shadow of a doubt, and therefore that their verdict should be a verdict of guilty as to the Defendant Fogarty. * * *"

6. "* * * No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * *"

7. "* * * I will instruct you upon the law of the case, discuss and define your duties to you, and perhaps discuss the facts of the case with you to some extent.
"The indictment you may take with you to the jury room, * * * but the charge in this Court is oral, and while I have some notes before me from which I shall refresh my memory from time to time, you will not have your instructions in writing, so I will ask that you give me your close attention.
* * * * *

The quoted portion of the charge is from separated paragraphs taken from a charge which was 22 pages long. The court covered the whole field of the accusations as they related to appellant and to Heaslet, jointly indicted and jointly tried, and both charged with conspiracy. Since appellant was an officer of the bank and Heaslet had no connection with the bank, the ingredients of the crime charged in the substantive counts were quite different as related to the two. The court charged at length what it took to constitute a conspiracy and explained the relationship of the overt acts thereto. It read to the jury the statutes involved, and pointed out that Heaslet, not being a bank officer, could not, acting alone, be guilty of the substantive counts.

The court was called upon to bring into proper focus for the jury some of the phases of the case which had been developed in the evidence and referred to in the arguments. For instance, it pointed out that it was not necessary for conviction that the bank lose any money by the misapplication of the funds, or that Heaslet be guilty of any wrongdoing in his dealings with his customers. It

charged also that Heaslet could be guilty of making false entries only if he and appellant had an agreement that such entries would be made. The isolated portions of the charge upon which appellant relies, therefore, have a less damaging appearance when put back into the context in which they were used.

■ In any event, if what the court said should be construed as being favorable to Heaslet, it could not be construed as being necessarily unfavorable to appellant. Since the conspiracy between them lay at the base of all of the charges, the court could not find appellant guilty and turn Heaslet loose (except, of course, as to the charges embraced in the substantive counts). The fact that the jury found both of them guilty indicates that the jury did not so construe the court's charge and that, if what the court said was error and if it had been properly objected to, it was harmless error.

■ This is not to say that we approve of the action of the trial court in commenting favorably upon Heaslet's testimony. Where, as here, one of the accused takes the witness stand and, in the effort to defend himself, tends to

> "Now, I have said that it is your duty to consider this evidence. That brings me to tell you what your function is here. You gentlemen who compose the jury serve as the fact-finding body of the Court. Wherever there is a conflict in the evidence, * * * some agency, some arm of the Court must weigh and consider all of that evidence and must determine where the truth lies. That is the function which the jury serves here. * * * The point I am making, however, is that you gentlemen are the exclusive judges of the facts proved, of the credibility of the witnesses and of the weight to be given their testimony.
>
> "In that connection, I should tell you, too, that in this Court the judge is permitted, if he sees fit to do so, to comment upon the evidence. By that I mean that I am permitted to tell you what I think about the evidence or about the facts or about the witnesses. I instruct you now, however, that if during the course of my charge I make a statement which you construe as indicating my own views upon the facts or upon the evidence, you are at perfect liberty

> to disregard what I say upon that score, for I have no intention to trespass upon the fact-finding body of the jury. If I make any statement of that sort, it is intended not to try to tell you or direct you what your findings should be, but it is intended to be of help or benefit in considering the facts. * * *
>
> "I need not tell you, I am sure, that this case should have your most careful consideration. It is of the utmost importance to all concerned. You should weigh the evidence carefully in consideration of your findings and your verdict. Particularly is that true in the case of Mr. Heaslet. His testimony as a witness here was most interesting to me, as I am sure it was to you. While there were and perhaps still are many circumstances of a highly suspicious nature showing Mr. Heaslet's participation in the unlawful misapplication of funds, I was impressed by the fact that in his testimony he gave what appeared to me, at any event, to be a rather plausible explanation of many of those suspicious circumstances * * *."

fasten guilt upon the other who does not testify, we think it the better practice for the trial judge to refrain from any statement or question from which the jury might infer that he credits one or discredits the other. We have steadfastly held in effect that "a judge must not only be impartial and disinterested, but must also appear so." Blumberg v. United States, 1955, 222 F.2d 496, 501. And see Gomila v. United States, 1944, 146 F.2d 372; Hunter v. United States, 1932, 62 F.2d 217; Adler v. United States, 1910, 182 F. 464. And cf. Quercia v. United States, 289 U.S. 466, 472, 53 S.Ct. 77 L.Ed. 1321.

■ The final error argued by appellant is his claim that the court wrongfully permitted Heaslet to testify as to what Fogarty had stated to him concerning certain entries appellant had caused to be made upon the books of his bank. Appellant had given Heaslet a written statement to assist the latter in a civil litigation and the statement signed by Fogarty was offered in evidence. The court sustained appellant's objection to such an offer, but permitted Heaslet, over objection, to testify that appellant had made certain statements in his presence concerning pertinent entries upon the bank's books. We think the evidence was clearly admissible. It is always proper to prove by any competent witness a declaration against interest made by any party to litigation.

The principle was succinctly stated by the Ninth Circuit in the recent case of Gonzales v. Landon, 1954, 215 F.2d 955, 957, reversed on other grounds 350 U.S. 920, 76 S.Ct. 210, 100 L.Ed. 806: "But these extrajudicial statements of plaintiff were not hearsay. These were substantive evidence. The extrajudicial statements of a party to the action, civil or criminal, are binding upon him and substantive evidence against him. There is an additional reason for the admission of

8. To the same effect see IV Wigmore on Evidence, Third Edition, § 1048; V Wigmore on Evidence, § 1455 et seq.; 20 Am.Jur., Evidence, §§ 544 and 556; and

these well-authenticated utterances of plaintiff, since they were statements against interest and thus have further guarantee of verity. They were clearly admissible for all purposes." [8]

We have given careful consideration to all of the points argued by appellant and find them without merit. Appellant was given a fair trial and was convicted on evidence pointing overwhelmingly to his guilt, and the judgment of the district court is

Affirmed.

Schoeps v. Carmichael, 9 Cir., 1949, 177 F.2d 391, 398, certiorari denied 339 U.S. 914, 70 S.Ct. 566, 94 L.Ed. 1340.