### INTERNATIONAL PAPER CO. v. BUSBY.

No. 13149.

United States Court of Appeals
Fifth Circuit.

June 16, 1950.

5. Emphasis added.

H. M. Holder, Shreveport, La., Geo. T. Madison, Bastrop, La., John H. Tucker, Jr., Shreveport, La., for appellant.

Val Irion, Shreveport, La., Malcolm E. Lafargue, Shreveport, La., for appellee.

Before HOLMES, WALLER, and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment for $5,000, rendered against appellant in an action of tort brought by appellee, for damages to his farming land, pasture areas, and livestock, caused by an overflow thereon of water discharged by the appellant, which is engaged in the manufacture of paper from wood pulp, and has been since 1936. In the process of making paper, it uses large quantities of water, which after such use is dark in color, as a result of suspended organic matter, and is often referred to as black water. The daily output of used water is drained into settling basins maintained on appellant's land. These basins are emptied into Bodcau Bayou, and it usually takes from thirty to sixty days to empty them. Appellee is a downstream riparian owner, and has been since 1935. His property is located on Bodcau Bayou, ten or twelve miles from the paper mill. When appellant empties its settling basins into Bodcau Bayou, such discharge causes a swelling of the stream, and the black waters flow onto appellee's lands.

On July 23, 1948, appellee filed this suit to recover damages for such overflow of his lands, alleging that, prior to the commencement of said operations, Bodcau Bayou was an ideal fishing place; that he had engaged in commercial fishing, in the business of raising cattle, in farming on his property; and that Bodcau Bayou was the sole water supply for all of these operations. He further alleged that, upstream from his land, appellant dumped poisonous waste into Bodcau Bayou, causing the noxious water to drain through his land, destroying all fish and aquatic life, befouling the air, injuring the soil, rendering the stream and its tributaries entirely unfit and useless for agricultural purposes, cattle raising, or human consumption; and causing him annoyance, inconvenience, and mental and physical suffering, because of the presence of dead fish and other deleterious substances occasioned by the pollution of the stream. He listed his damages as follows, and prayed for an injunction in the event he was not entitled to damages:

| | |
|---|---|
| "Devaluation and damage to cattle | $ 1900.00 |
| Inconvenience and nuisance from dead fish and odors of pollution, and inconvenience and cost of attending stock during period of pollution.. | 6000.00 |
| Destruction of business of renting boats to fishermen and hunters | 10000.00 |
| Damage to wire fence, caused by paper mill waste........ | 500.00 |
| Diminution in value of 278 acres of land, thus lessening the value of the sale price of the property on account of the condition created....... | 13900.00 |
| Total damage......... | $32300.00" |

Before answering, appellant filed a motion for a more definite statement of the time when the damages became permanent. It also moved to dismiss the bill on the ground that the claim for damages had been prescribed by the one-year statute of limitation, provided by Article 3536 of the Civil Code, and on the ground that an injunction would be improper. The court ruled that appellee's statement as to the date that the damages became permanent was sufficient; that the plea of prescription should be referred to

the merits; that on the trial the proof would be limited to the damages done within one year prior to the date of filing the suit; and that the decision upon the alternative plea for an injunction would be reserved until the action for damages was terminated. Appellant's answer was a general denial of appellee's complaint. It claimed justification for the discharge of waste water into Bodcau Bayou, and alleged that it was a reasonable exercise of appellant's rights as a riparian owner.

Prior to the trial of the case, appellee's deposition was taken; and pursuant thereto appellant filed a motion for summary judgment, again raising the question of prescription. The motion was sustained in part, and the plea of prescription was allowed in so far as appellee's claim for destruction of his business of renting boats was concerned. The claim for destruction of the fence was not submitted to the jury, because it had been destroyed more than a year before the filing of the suit. The damage and injunctive issues were tried together, a jury hearing the issues as to damages, and the court hearing the injunctive feature. The jury returned a verdict in favor of appellee for $11,000. Appellant filed a motion for judgment *non obstante veredicto* or for a new trial, and again raised the question of prescription. The court denied appellant's motion for judgment notwithstanding the verdict; it also denied the motion for a new trial, upon the condition that appellee would enter a remittitur for that portion of the verdict in excess of $5000, and it is from the reduced judgment against it that the Paper Company appeals to this court.

We are not now concerned with the injunctive feature of the case, since the trial court still has it under advisement. It is unnecessary to recite or discuss in detail the many assignments of error made by the appellant. On the trial of this case, evidence as to appellant's actions since the commencement of its operations was admitted because it was relevant to the injunctive feature of the case, and because it was of probative value in showing that similar conditions existed for the period for which recovery might be allowed. At the time the evidence was admitted, the court stated that at the close of the case it would instruct the jury as to a proper consideration of such evidence in connection with the damage feature of the case, and it very carefully instructed the jury on this subject. Appellant has devoted a considerable part of its brief to the argument that the trial court erred in submitting the plea of prescription to the jury with reference to appellee's claim for permanent damages to his property. Such an argument would be meritorious if the facts were undisputed, but here there was a real dispute between the parties, with the appellant introducing several witnesses to prove that no damage had been done, and the appellee introducing abundant proof to show that during the year in dispute the appellant had flooded his land in the fall and spring, thus preventing him from preparing for and raising a crop. Such a situation as this clearly presented a mixed question of law and fact, which the trial judge correctly submitted to the jury under proper instructions. In its charge to the jury, the trial court restricted appellee's recovery to the actual damages inflicted during the calendar year preceding the filing of the petition. We must consider that part which appellant complains of as it relates to the whole charge, and not as standing alone and out of its context. When we so consider the charge, it is evident to us that the appellee's claim for damage was greatly reduced by it and that the appellant has not been prejudiced in any way, and has no just reason to complain.

Appellant contends that, where there has been prejudicial error in the course of a trial, remittitur is not a proper remedy, but a new trial should be granted. We think this is a fair statement, and we agree with it. However, we have not found such an error in this record; the remittitur was liberally in favor of the appellant. Appellee might have refused to enter the remittitur, and taken his chance of having the $11,000 judgment sustained on a new trial. When the appellee accepted the remittitur and agreed that the judgment should be reduced by more than one-half, the appellant had its choice of paying

the smaller judgment or appealing on the record as it then existed. When it elected to appeal, every ground for appeal that it formerly had was available to it, but it cannot now claim new grounds because it is critical of or does not approve the methods employed by the trial judge in granting the remittitur.

 In Arkansas Valley Land & Cattle Company v. Mann, 130 U.S. 69, 9 S.Ct. 458, 32 L.Ed. 854, the Supreme Court held that where a trial court makes the decision of a motion for a new trial depend upon a remission of the larger part of the verdict, such is not a re-examination by the court of facts tried by the jury in a mode not known to the common law, and is not a violation of the Seventh Amendment of the Constitution. It further held that an order overruling the motion for a new trial after the plaintiff, by leave of court, had remitted a part of the verdict, was not subject to review by it upon a writ of error sued out by the party against whom the verdict was rendered. See also Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L. Ed. 603, 95 A.L.R. 1150. From such a statement of the law, it is evident to us that the granting of this remittitur did not give the appellant any cause for complaint. It cured the error of excessiveness in the amount of the verdict, which the trial judge thought existed. It is not evident that the verdict was the result of bias, prejudice, or passion on the part of the jury, and there being substantial evidence to support it, we have no power to disturb it.

 Appellant's contention that the trial judge erred in allowing the verdict to stand to the extent of $5000 is without merit. It complains that the trial judge allowed the verdict to stand for the greatest amount the jury might have found from the evidence, whereas the amount should have been as small a sum as an impartial jury would properly have agreed upon from the evidence. This contention is unsound. The amounts awarded appellee for damages to his farming land, pastures, and livestock, for the loss of a crop for the year in question, and for the inconveniences caused by the presence of buzzards swarming over

dead fish washed up in his yard, are not so excessive as to shock the conscience of this court, or even to persuade us that any injustice has been done appellant.

 The trial judge, in figuring the amount of the remittitur, made reference to the amount of cotton the land might produce, and decided that it would not produce any more than a half bale per acre. Appellant says there is no basis for such an estimate in the record. We do not think appellant was prejudiced by the estimates and references made by the trial judge, because there are many other items that the jury could have considered which would have warranted at least a $5000 judgment. The trial judge ordered a remittitur of more than one-half of the jury's verdict, and we think appellant should be well satisfied. We find no reversible error in the record, and the judgment appealed from is

Affirmed.