**Henry Travis SCHNAUTZ, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17102.**

United States Court of Appeals
Fifth Circuit.

Feb. 18, 1959.

Rehearing Denied April 3, 1959.

John D. Cofer, G. Hume Cofer, Douglass D. Hearne, Austin, for appellant.

Arthur L. Luethcke, John R. Locke, Jr., Asst. U. S. Attys., Russell B. Wine, U. S. Atty., San Antonio, Tex., for appellee.

Before TUTTLE, JONES and WISDOM, Circuit Judges.

JONES, Circuit Judge.

An indictment in four counts was brought against the appellant. In the

first count he was charged with acquiring marihuana without paying the transfer tax as required by 26 U.S.C.A. § 4741(a). The second count charged a transfer of marihuana without a written order on the prescribed form. Count three stated that the appellant received, concealed, sold and facilitated the transportation of marihuana after its importation into the United States. By count four the appellant and Ysidro C. Guerra, who was not a defendant, were charged with conspiring to commit the following offenses, (1) to acquire marihuana without paying the transfer tax, (2) to transfer marihuana without the written order required by the statute, and (3) to receive, conceal, sell and facilitate the transportation, concealment and sale of unlawfully imported marihuana. He was acquitted of the first three counts and convicted on the fourth count.

■ The appellant asks us to decide that the evidence was insufficient to sustain the conviction for conspiracy and that a verdict of acquittal should have been directed on his motion. Supporting this claim of error the appellant cites Lambert v. United States, 5 Cir., 1939, 101 F.2d 960, and says that it is controlling of this case. In the Lambert case the Court found that every fact and circumstance in the record pointed to the appellant in that case as being an aider and abettor of the purchaser and no fact or circumstance pointed to him as an aider and abettor of the sellers. Such is not the situation in the case before us. The statements [1] of the appellant to the

Government agent point to him as being a participant in the sale on behalf of the seller. This specification of error cannot be upheld. Duke v. United States, 5 Cir., 1956, 233 F.2d 897; United States v. DeVasto, 2 Cir., 1931, 52 F.2d 26, 78 A.L.R. 336, certiorari denied 284 U.S. 678, 52 S.Ct. 138, 76 L.Ed. 573.

■ In the court's instructions was included the statement that a conspiracy "may be proven by overt acts". The appellant asserts that this is an incorrect statement of the law and that because of the error we must reverse the conviction. This is urged on the theory that the jury might consider the conspiracy proven if the evidence showed that any of the overt acts were committed. The gist of criminal conspiracy is the agreement between the conspirators to commit an offense attended by an act of one or more of the conspirators to effect the object of the conspiracy. United States v. Falcone, 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128; Rent v. United States, 5 Cir., 1954, 209 F.2d 893. Proof of the commission of an overt act might also be evidence of an agreement among conspirators depending on the nature of the act and the character of the proof. 15 C.J.S. Conspiracy § 92 d, p. 1145. The portion of the instructions which is the subject of the appellant's complaint is only a part of a sentence included in a quite lengthy charge which, so far as is pertinent here, is set forth in a note.[2] In the consideration of objections to an instruction of the court to the jury, a reviewing court will look to the whole

---

1. "I can get hold of the best stuff you ever laid your eyes on."

"I got to see my connection, and whatever price my connection will give me, I will quote you a price."

"I can get you anything from one pound to a hundred pounds."

"I can't take you to my connection. I'll make the transaction."

2. "In connection with the conspiracy charged in the indictment, you are instructed that a conspiracy is a combination of two or more persons, by concerted action, to accomplish an unlawful purpose, or some purpose, not in itself criminal, by unlawful means. There are

two elements to the offense of conspiracy. One is the agreement or combination on the part of the parties by concerted action to do an unlawful thing, and the other is the doing of some overt act in pursuance of the agreement or combination. An overt act must be a subsequent, independent act from the completed agreement or conspiracy and done to carry into effect the object of the original combination. It is not necessary to constitute conspiracy that two or more persons should meet together and enter into an explicit or formal agreement for the unlawful scheme, or that they should directly in words or writing state what the unlawful scheme

charge and not to the specified part as standing alone and taken out of context. International Paper Co. v. Busby, 5 Cir., 1950, 182 F.2d 790; Carter v. Atlanta & St. A. B. Ry. Co., 5 Cir., 1948, 170 F.2d 719, reversed on other grounds 338 U.S. 430, 70 L.Ed. 226, 94 L.Ed. 236; Pasotex Pipe Line Co. v. Murray, 5 Cir., 1948, 168 F.2d 661. The particular language on which the appellant bases his

assertion of error may not be, standing alone, an accurate statement of the law. When, however, it is considered in context and in the light of the entire charge we conclude that the clause complained of did not confuse the jury nor prejudice the appellant.

The fourth count of the indictment,[3] which is the only one upon which the appellant was convicted, alleges that

is to be and the details of the plans or means by which the unlawful combination is to be made effective.

"It is sufficient if two or more persons in any manner, positively or tacitly, come into material understanding to accomplish a common or unlawful design. Of course, a mere discussion between the parties about entering into a conspiracy, or as to the means to be adopted for the performance of an unlawful act, does not constitute a conspiracy unless the scheme is assented to and concurred in by the parties in some manner so that their minds meet for the accomplishment of the proposed unlawful act, and unless some overt act is done in pursuance thereof.

"A conspiracy may be inferred from circumstances; it may be proven by overt acts. It is seldom that any one act by itself can prove a conspiracy, but a number of acts considered together may.

"Accordingly, in order for you to convict under this conspiracy count, you must believe beyond a reasonable doubt, first, that an unlawful agreement or understanding existed between the alleged conspiractors, as charged, and, second, that thereafter some one or more of these overt acts were actually committed as charged.

"In this case the indictment charges some seven overt acts. It is not necessary for you to find all of these overt acts to have been done in order to warrant a conviction. If you find that the unlawful agreement or understanding existed as charged in the indictment, and if you further find that thereafter any one or more of the overt acts were committed by one or more of the parties in pursuance thereof, and to effect the object of the conspiracy, that is sufficient to constitute conspiracy. It is for you to determine the real purposes, and motives which actuated the parties in the premises, and you should consider the reasonableness or unreasonableness of all of the evidence bearing on the ele-

ments which go to constitute conspiracy."

3. "That commencing on or about February 1, 1957, and continuing to and through February 20, 1957, in Travis County, Texas, in the Austin Division of the Western District of Texas, Travis Henry Schnautz, named herein as a defendant and conspirator, and Ysidro C. Guerra, named herein as a conspirator but not as a defendant, combined, conspired, confederated and agreed to commit offenses against the United States, to wit:

"To knowingly and wilfully acquire from some person to the grand jury unknown marihuana without paying the transfer tax imposed thereon by 26 U.S.C. [§] 4741(a), and the said conspirators would then be transferees required by said Section 4741(a) to pay said tax in violation of 26 U.S.C. [§] 4742(a) [4744(a)]; and

"To knowingly and wilfully transfer marihuana not in pursuance to a written order form issued in blank for that purpose by the Secretary of the Treasury, or his delegate, in violation of 26 U.S.C. [§] 4744(a) [4742(a)]; and

"To knowingly, with intent to defraud the United States, receive, conceal, sell and facilitate the transportation, concealment and sale of marihuana after being imported and brought in, the said conspirators then knowing the marihuana to have been imported and brought into the United States contrary to law in violation of 21 U.S.C. [A.] [§] 176a; and

"Pursuant to said conspiracy, and to effect the objects thereof, the following overt acts were committed:

"1. On February 2, 1957, Travis Henry Schnautz had a conversation in Austin, Texas, with Narcotic Agent Gjertsen.

"2. On February 2, 1957, Travis Henry Schnautz made a telephone call to Ysidro C. Guerra in Austin, Texas.

"3. On February 2, 1957, Travis Henry Schnautz went to the home of Ysidro C. Guerra in Austin, Texas.

"commencing on or about February 1, 1957, and continuing to and through February 20, 1957", the appellant and another conspired to commit certain specified offenses, and that "Pursuant to said conspiracy, and to effect the objects thereof" certain overt acts were committed. Six overt acts were set forth and alleged to have been committed on February 2, 1957. In addition to the six overt acts specifically averred, the fourth count included with and as overt acts "the first three counts of this indictment." The first three counts charged the appellant with substantive offenses and stated that they were committed "on or about February 2, 1957." In a motion to dismiss the indictment the appellant urged that the indictment does not definitely allege when the conspiracy was entered into, and that the indictment charges that the overt acts were committed prior to the formation of the conspiracy. The purpose of an indictment is to so inform the accused of the offense with which he is charged as to permit him to make his defense and, if subsequently charged with the same offense, to permit him to plead double jeopardy. Duke v. United States, 5 Cir., 1956, 233 F.2d 897; 4 Wharton's Criminal Procedure 506, § 1724. If, in an indictment for conspiracy, there is any vagueness in the averment as to the time of its formation, the time may be fixed and made certain by a reference to the allegations of overt acts. Toliver v. United States, 9 Cir., 1955, 224 F.2d 742; Rubio v. United States, 9 Cir., 1927, 22 F.2d 766, certiorari denied 276 U.S. 619, 48 S.Ct. 213, 72 L.Ed. 734. The sufficiency of an indictment is to be tested by practical rather than technical considerations. Duke v. United States, supra. There was no error in the refusal of the district court to dismiss the indictment on the ground that the time when the conspiracy was formed was not alleged with sufficient particularity.

The appellant, as one of the grounds for his motion to dismiss the indictment, asserted that it was defective in that it did not expressly charge that the conspirators "unlawfully" entered into the conspiracy and did not charge that they "knowingly and wilfully" entered into the conspiracy. The refusal of the district court to dismiss the indictment on these grounds is claimed by the appellant as an error requiring reversal. The omission from the indictment of the words "unlawfully, knowingly and wilfully", did not mislead the appellant. A conspiracy to enter into illegal sales and transportation of marihuana could hardly be a lawful enterprise. The charge of conspiracy to violate a criminal law has implicit in it the elements of knowledge and intent. Williams v. United States, 5 Cir., 1953, 208 F.2d 447, certiorari denied 347 U.S. 928, 74 S.Ct. 531, 98 L.Ed. 1081; Burroughs v. United States, 290 U.S. 534, 54 S.Ct. 287, 78 L.Ed. 484; Frohwerk v. United States, 249 U.S. 204, 39 S.Ct. 249, 63 L.Ed. 561; Razete v. United States, 6 Cir., 1952, 199 F.2d 44, certiorari denied 344 U.S. 904, 73 S.Ct. 284, 97 L.Ed. 698; Madsen v. United States, 10 Cir., 1947, 165 F.2d 507; Oliver v. United States, 10 Cir., 1941, 121 F.2d 245, certiorari denied 314 U.S. 666, 62 S.Ct. 124, 86 L.Ed. 533. The failure to charge in the indictment that the conspiracy was entered into

"4. On February 2, 1957, Narcotic Agent Gjertsen paid $350.00 cash official advance funds to Travis Henry Schnautz in Austin, Texas.

"5. On February 2, 1957, Travis Henry Schnautz acquired eighty (80) ounces of marihuana in Austin, Texas, from some person to the grand jury unknown without having paid the transfer tax imposed thereon by Section 4741(a), Title 26 U.S.C., and the said Travis Henry Schnautz was a transferee required by said Section 4741(a) to pay said tax.

"6. On February 2, 1957, Travis Henry Schnautz then delivered eighty (80) ounces of marihuana to Narcotic Agent Gjertsen not in pursuance to a written order of said Agent Gjertsen on a form issued in blank for that purpose by the Secretary of the Treasury, or his delegate.

"7. And the first three counts of this indictment."

**530**

"unlawfully, knowingly and wilfully" was not error.

 The appellant asserts that error was committed by the trial court by its refusal to hold the indictment bad because it charged a conspiracy to commit three offenses. Each of these offenses was a felony. This being so, it is not necessary that there be a separate count as to the conspiracy to commit each of the substantive crimes. The rule would be otherwise if one of the substantive offenses which was the subject of the conspiracy had been a misdemeanor. Williams v. United States, 5 Cir., 1956, 238 F.2d 215, certiorari denied 352 U.S. 1024, 77 S.Ct. 589, 1 L.Ed.2d 596; Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23; Frohwerk v. United States, supra; Jones v. United States, 10 Cir., 1958, 251 F.2d 288, certiorari denied 356 U.S. 919, 78 S.Ct. 703, 2 L.Ed. 2d 715.

 Finally, the appellant contends, as he unsuccessfully contended in the trial court, that the fourth count of the indictment is defective because of the absence of allegations of a conspiracy to commit specifically designated offenses. In considering this contention we should keep in mind the purposes that indictments are to serve, and the principle that the conspiracy itself is the gist of the crime. Here we do not find any lack of compliance with the requirement that the indictment shall be such as to permit the accused to prepare his defense. It is not necessary to allege with particularity the offenses which are the objects of the conspiracy or to state such objects with the detail that would be required in an indictment for committing the substantive offense. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; 15 C.J.S. Conspiracy § 85, page 1117. The fourth count of the indictment is no model and deserves no place in the form books. Tested, however, by the specifications of error directed against it, we find it sufficient.

The judgment of the district court should be and is

Affirmed.