**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Roy Charles WILLIAMS, Sr., et al., Defendants-Appellants.**

**No. 74–1081.**

United States Court of Appeals, Sixth Circuit.

Argued June 18, 1974.

Decided Sept. 12, 1974.

Engel, Circuit Judge, dissented in part and filed an opinion.

Sheldon P. Starke, Cleveland, Ohio, for appellants; David Browning, Cleveland, Ohio, on briefs.

Paul Brickner, Asst. U. S. Atty., Cleveland, Ohio, for appellee; Frederick M. Colemen, U. S. Atty., Cleveland, Ohio, on briefs.

Before CELEBREZZE, LIVELY and ENGEL, Circuit Judges.

CELEBREZZE, Circuit Judge.

We are presented with an appeal from convictions of conspiracy to possess heroin and cocaine with intent to distribute, violations of 21 U.S.C. §§ 841 (a)(1) and 846, and a conviction of possession of heroin and cocaine, a violation of 21 U.S.C. § 841(a)(1).

Appellants Roy Williams, Sr. and Roy Williams, Jr., traveled from Omaha, Nebraska to Cleveland, Ohio, with a stopoff in Chicago, Illinois, on September 12, 1972. On that day in Chicago, a United Airlines passenger agent, working in the Lost and Found Department, was engaged in the job of identifying and locating the owners of lost or unclaimed luggage. In searching through a bag with no identification, she found sacks of white powder, later determined to be heroin and cocaine. She contacted federal agents who seized the drugs. A non-narcotic substance was then substituted for the heroin and cocaine by the agents.

The following day, the bag was carried to Cleveland by an agent of the Drug Enforcement Administration. In Cleveland, a passenger agent for United Airlines, after learning from his Chicago office that a bag which might belong to Appellant Williams, Sr. was arriving, attached to the bag an airline ticket with the words "R. Williams" or "Roy Williams".

When Roy Williams, Sr. and Roy Williams, Jr. landed in Cleveland on September 12, 1972, one of the father's bags was missing. Williams, Jr. went several times that day to the United Airlines office at the airport in Cleveland to locate the bag. Upon going back to the office the next day, Williams, Jr. was told the bag had arrived. Williams, Jr. took the bag and returned to the motel where he and his father were staying. He was followed to the motel by law enforcement agents. One agent knocked on the door of the motel room and identified himself as a federal narcotics agent. Hearing movement in the room and the sound of a toilet flushing, the agents entered the room forcibly and observed Appellant Williams, Jr. falling back from the door and Appellants Williams, Sr. and Willie Johnson standing in the bathroom attempting to flush the contents of two plastic bags down the toilet. The agents found in the room $11,881.35 in cash, an airline ticket from Omaha to Cleveland, Ohio via Chicago, a strainer or sifter, measuring spoons and the suitcase. All three Appellants were arrested at that time. Approximately one month later Williams, Jr. appeared at the Bureau of Narcotics and Dangerous Drugs, where he signed for and was given several of the items seized by the agents.

Appellants were tried on the charges of possession and conspiracy, and Williams, Sr. was convicted of possession of heroin and possession of cocaine. The jury was unable to return a verdict on the conspiracy charge as to Williams, Sr. or on any of the charges as to Williams, Jr. and Johnson. The charges of possession were dismissed as to Williams, Jr. and Johnson, and at a second trial, all three Appellants were convicted on the conspiracy charge.

Williams, Sr. contends that the court should have directed a verdict of acquittal on the charge of possession for the reason that there was insufficient evidence of his possession of heroin and cocaine. As there was no evidence of actual possession, the government's case hinges on the evidence that Williams, Sr. had constructive possession of the suitcase while in Cleveland, Ohio.

In United States v. Craven, 478 F.2d 1329, 1333 (6th Cir. 1973), we said:

Constructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others.

There is no dispute as to constructive possession of the suitcase after it and its contents had been seized by the U. S. Customs Agent. At that point, Williams, Sr. clearly had no dominion or control of the contents of the bag. The inquiry is whether Williams, Sr., in Cleveland, had dominion and control over the bag, in Chicago, before its seizure. At the time the suitcase was in the physical custody of the airline personnel in Chicago, it had no tag or claim check to it. Thus, it is argued

that no dominion or control could have been exercised even before the seizure.

We do not agree. When an airline passenger checks his luggage with the airline company prior to a flight, he does so with the intention of reclaiming the luggage at the end of the flight. His claim check authorizes him to exercise dominion over the luggage once he arrives at his destination. The fact that the luggage is lost in transit does not alter the passenger's intention to reclaim the luggage when it arrives at the intended destination. Nor does the loss affect his power to exercise control over the luggage through the airline's personnel. The airline has control of the luggage for the limited purpose of transporting it from point at which the passenger boards the plane to the point of the passenger's departure from the flight. This control is not increased by the loss of the luggage. The passenger still exercises his control through the airline, whether the functions of the airline personnel are limited to the mere transporting of the luggage or include the additional task of locating the lost items.

 Thus, we find no legal obstacle to a finding that Appellant had constructive possession of the suitcase. Whether the facts support such a finding is, of course, a question for the jury. Our review is limited to determining whether there was sufficient evidence to withstand a motion for a judgment of acquittal. And in making our determination, the evidence is to be viewed in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Cortez, 425 F.2d 453 (6th Cir.), cert. denied, 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970). Viewing the evidence in this manner, if it is determined that the jury might reasonably conclude that the evidence is inconsistent with the defendant's innocence, then the motion for acquittal was properly denied. United States v. Stephenson, 474 F.2d 1353 (5th Cir. 1973).

The government presented evidence to show that an airline ticket was issued to Williams, Sr. and Williams, Jr.; that the trip originated in Omaha, Nebraska and ended in Cleveland, Ohio, with a stop in Chicago, Illinois to change planes; that three pieces of luggage were checked at Omaha; that only two pieces of luggage arrived in Cleveland and were claimed by Williams, Jr. when the two men ended their trip; that a claim was made for the missing piece of luggage, owned by Williams, Sr.; and that the third piece of luggage was claimed and received by Williams, Jr.

We are satisfied that the evidence was sufficient to permit the jury to resolve the question of the guilt or innocence of Williams, Sr. and hold that the District Court properly denied the motion for acquittal.

 Williams, Sr. also contends that the government failed to establish that the plastic bags analyzed by the chemist were the same bags that were taken from the suitcase. Evidence was presented to establish a chain of custody from the airline personnel to a government technician. It is contended that the lack of any testimony regarding the transfer of the bags from the technician to the government chemist is a fatal missing link in this chain. The testimony, however, indicates that the envelopes containing the narcotics were initialed and lock-sealed by an agent of the Bureau of Narcotics and Dangerous Drugs and that the envelopes were lock-sealed and untorn when received by the chemist. Since the seals were unbroken when the chemist received the envelopes, we find that the evidence was properly admitted. United States v. Picard, 464 F.2d 215, 216 n. 1 (1st Cir. 1972); United States v. Burris, 393 F.2d 81 (7th Cir. 1968); Brewer v. United States, 353 F.2d 260 (8th Cir. 1965).

 It is also contended that the District Court improperly admitted into evidence a receipt signed by Williams, Jr. when reclaiming items seized at the motel. Appellant was not provided with a

copy of this receipt, although the Court had ordered that the government provide the defense with all statements made by Appellants. The Court, therefore, excluded admission of the receipt and any testimony relating to it or to the acceptance of the items by Appellants. However, the Court indicated that the receipt could be used for purposes of impeaching testimony of Appellants denying possession of the items, an approach similar to that approved in Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). Since Appellants did deny possession, the Court properly permitted the government to cross-examine with regard to the acceptance of the clothing and suitcase by Williams, Jr.

■ Turning to the second trial, Appellants all contend that the evidence was insufficient to establish that they had engaged in a conspiracy. In showing the existence of a conspiracy, two elements must be proven: an agreement between two or more persons to act together in committing an offense, and an overt act in furtherance of the conspiracy. United States v. Falcone, 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128 (1940); United States v. Webb, 359 F.2d 558 (6th Cir. 1966); United States v. McGann, 431 F.2d 1104 (5th Cir. 1970). In reviewing the record, we find no testimony relating to the alleged agreement between Appellants. Thus, if the convictions are to stand, there must be some testimony from which it can be inferred that an agreement existed. See United States v. Webb, 359 F.2d 558 (6th Cir. 1966). We are unable to find that the evidence permits such an inference.

With regard to Appellant Johnson, the evidence placed him in the motel room emptying the plastic bags into the toilet. There was no testimony introduced by the prosecution to show that Johnson entered into an agreement with Appellants Williams, Sr. and Williams, Jr. The only other testimony with regard to Johnson was that of Johnson himself, who testified that he had met Williams, Sr. once before at a party and that he had gone to the motel to give Williams, Sr. a ride into town. Thus, with regard to Johnson, there is at most the showing of an overt act. This is insufficient to sustain a conspiracy conviction. United States v. Sarno, 456 F.2d 875 (1st Cir. 1972); Schnautz v. United States, 263 F.2d 525 (5th Cir. 1959); Hall v. United States, 109 F.2d 976 (10th Cir. 1940); cf. Condrey v. United States, 351 F.2d 456 (5th Cir. 1965). Evidence of both an agreement and an overt act must be shown to establish the crime of conspiracy.

■ With regard to Williams, Jr., we also find the record lacking in any evidence that he entered into an agreement with Williams, Sr. Nor do we find any evidence that Johnson and Williams, Jr. committed the overt act in the motel room with the knowledge that it was in furtherance of the alleged object of the conspiracy. United States v. Falcone, 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128 (1940); Sanders v. United States, 416 F.2d 194 (5th Cir. 1969). "[M]ere knowledge, approval of or acquiescence in the object or the purpose of the conspiracy, without an intention and agreement to cooperate in the crime" is not sufficient to make one a conspirator. Cleaver v. United States, 238 F.2d 766, 771 (10th Cir. 1956); Roberts v. United States, 416 F.2d 1216 (5th Cir. 1969); Cave v. United States, 390 F.2d 58 (8th Cir. 1968); Miller v. United States, 382 F.2d 583 (9th Cir. 1967).

■ Since we have found that the convictions of Johnson and Williams, Jr. cannot stand, the conviction of Williams, Sr. must also fall. Where all other alleged coconspirators are acquitted, the conviction of one person for conspiracy will not be upheld. United States v. Musgrave, 483 F.2d 327 (5th Cir. 1973); United States v. Shuford, 454 F.2d 772 (4th Cir. 1971); Lubin v. United States, 313 F.2d 419 (9th Cir. 1963).

The judgment of the district Court is affirmed with regard to the conviction of Appellant Williams, Sr. for possession of heroin and cocaine with intent to distribute. The judgments against all three Appellants with regard to the conspiracy are reversed.

ENGEL, Circuit Judge (dissenting in part).

Upon the same facts, I am unable to agree that there was sufficient evidence to support the conviction of Williams, Sr. on the possession count. In my opinion the facts show the essential element of control to be missing. Whoever or whatever caused the claim check to be separated from the bag, at the same time caused it to be lost, and deprived its purported owner of the power to control it. There is no evidence of when or how this event occurred. By the time any constructive possession of the bag had been regained, the narcotics had already been removed and turned over to authorities. I would reverse the conviction of Williams, Sr.