**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Connie Lee BOLING, a/k/a Heller Boling (88–3130); Thomas A. Lauback (88–3216), Defendants–Appellants.**

No. 88–3130, 88–3216.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 15, 1988.

Decided Sept. 7, 1989.

John M. DiPuccio (argued), Office of the U.S. Atty., Cincinnati, Ohio, Patty Merkamp Stemler, Appellate Section, Crim. Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Daniel A. Brown (argued), Porter, Wright, Morris & Arthur, William J. Abraham (argued), Columbus, Ohio, for defendants-appellants.

Before ENGEL, Chief Judge,
WELLFORD, Circuit Judge, and
THOMAS, Senior District Judge.*

SUPPLEMENTAL OPINION

In its original per curiam opinion, 869 F.2d 965 (6th Cir.1989), this panel found "that the jury could have found the essential elements of mail and wire fraud beyond a reasonable doubt on all counts against both Lauback and Boling." However, "because Boling's attorney was burdened by an active conflict of interest," the panel reversed "her [Boling's] conviction on the conspiracy count" and remanded for a new trial.

The opinion noted that "it takes at least two persons to commit a conspiracy. *See United States v. Sandy*, 605 F.2d 210, 215 (6th Cir.1979), *cert. denied* 444 U.S. 984 [, 100 S.Ct. 490, 62 L.Ed.2d 412] (1979)," that "Lauback and Boling are the only indicted co-conspirators in the case," and that the evidence did not prove that "any person other than defendant Lauback and defendant Boling, was a member of the conspiracy charged in [the conspiracy count]."

The panel then held

Under these circumstances we must also reverse Lauback's conspiracy conviction and remand for a new trial, even though this may well be a "windfall for him." Should either Lauback or Boling be found not guilty of conspiracy, we hold that the conviction of the other may not be upheld (citations).

Challenging this ruling, the government petitions for "Rehearing with Suggestion for a Re–Hearing En Banc."

I.

The government urges that "none of the Authority Cited by the Panel Requires the Reversal of Lauback's Conspiracy Convic-

---

* The Honorable William K. Thomas, Senior Judge, United States District Court for the

Northern District of Ohio, sitting by designation.

tion." In addition to *United States v. Sandy, supra,* this panel cited *United States v. Lester,* 363 F.2d 68, 72 (6th Cir. 1966), *cert. denied,* 385 U.S. 1002, 87 S.Ct. 705, 17 L.Ed.2d 542 (1967); and *United States v. Hopkins,* 716 F.2d 739 (10th Cir. 1982), "holding that acquittal of co-defendant required acquittal of defendant when only defendant and co-defendant were indicted for conspiracy and there was no evidence implicating anyone else as a co-conspirator." [1]

*Sandy* declared

[the defendants] place reliance upon a number of decisions which in effect hold that where all other alleged co-conspirators are acquitted of a conspiracy, the conviction of one person on that charge cannot be upheld, since it takes at least two to commit the offense. *E.g., United States v. Williams,* 503 F.2d 50, 54 (6th Cir.1974). *See also United States v. Lester,* 363 F.2d 68, 72 (6th Cir.1966), *cert. denied,* 385 U.S. 1002, 87 S.Ct. 705, 17 L.Ed.2d 542 (1967).

605 F.2d at 215.

In *United States v. Williams,* 503 F.2d 50, 54 (6th Cir.1974), a Sixth Circuit panel held

Since we have found that the convictions of Johnson and Williams, Jr. cannot stand, the conviction of Williams, Sr. must also fall. Where all other alleged coconspirators are acquitted, the conviction of one person for conspiracy will not be upheld (citations). [2]

Directly questioning the *Williams* ruling, the *Sandy* court then declares "there is indeed much authority to the contrary commencing with *Dunn v. United States,* 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932) (Holmes, J.), and proceeding through *Hamling v. United States,* [418 U.S. 87, 99, 94 S.Ct. 2887, 2898, 41 L.Ed.2d 590 (1974) ]." 605 F.2d at 215 (footnote omitted).

In *Dunn v. United States,* 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), there was an inconsistency between defendant's conviction on the first count and his acquittal on counts two and three. Nevertheless, *Dunn* held that "consistency in the verdict is not necessary." *Id.* at 393, 52 S.Ct. at 190.[3] It would disavow *Dunn* if this panel had justified its reversal of "Lauback's conviction and remand for a new trial" on the assumption that the two defendants should be retried jointly on the conspiracy count so that, if one defendant is convicted and the other defendant is acquitted, the trial court, on the ground of inconsistency, would be required to acquit the guilty defendant.

The unspoken premise underlying this court's reversal of Lauback's conspiracy conviction was twofold:

(1) The controlling circuit principle is that "[w]here all other alleged coconspirators are acquitted, the conviction of one person for conspiracy will not be upheld," *United States v. Williams, supra,* 503 F.2d at 54;

(2) The circumstances of this case compelled the panel to apply the *Williams* principle, even though this forced the panel to reverse Lauback's conspiracy

---

**1.** The government correctly observes that *United States v. Hopkins,* 744 F.2d 716 (10th Cir.1984), heard en banc, notes that the panel opinion was withdrawn. A number of the counts were remanded for a retrial, but the en banc court ordered that on remand the conspiracy count, lacking sufficient evidence to support its judgment, should be dismissed. Thus, the panel ruling in *United States v. Hopkins* provides no support for our per curiam ruling.

**2.** *United States v. Lester,* 363 F.2d 68 (6th Cir. 1966), *cert. denied,* 385 U.S. 1002, 87 S.Ct. 705, 17 L.Ed.2d 542 (1967), is not cited as supporting authority by the *Williams* court. Indeed, there is no language in *Lester* that deals with the principle quoted above from *Williams.* However, noting the acquittal of the police officers

and the conviction of the two appellants (all charged with conspiracy to violate 18 U.S.C. § 242 by depriving George W. Ratterman of his civil rights), the *Lester* court does state, as pointed out by the government, that "[i]nconsistency of verdicts as to various defendants in a particular case has always been an exclusive prerogative of the jury," 363 F.2d at 74 (citing *United States v. Dotterweich,* 320 U.S. 277, 279, 64 S.Ct. 134, [136,] 88 L.Ed. 48 (1943); and other cases)."

**3.** *United States v. Powell,* 469 U.S. 57, 69, 105 S.Ct. 471, 479, 83 L.Ed.2d 461 (1984) accepts the *Dunn* rule as standing "without exception in this Court for 53 years" and expressed the thought that it should "remain that way."

count conviction and remand it for a joint trial with the conspiracy count against Boling.

The government brings to this panel's attention *United States v. Sachs,* 801 F.2d 839, 845 (6th Cir.1986), and its recognition that "if coconspirators are tried separately, the acquittal of all other coconspirators does not mandate acquittal as to the remaining coconspirator." In *Sachs,* another panel of this Court considered whether dismissal of conspiracy charges against one defendant "mandates the dismissal of conspiracy charges" against the convicted defendant. The *Sachs* court declared

> It is clear that the crime of conspiracy cannot be committed by an individual acting alone since, by definition, conspiracy is a group offense. *United States v. Fox,* 130 F.2d 56, 57 (3d Cir.), *cert. denied,* 317 U.S. 666, 63 S.Ct. 74, 87 L. Ed. 535 (1942). Further, if coconspirators are tried together, an acquittal on conspiracy charges as to all but one coconspirator mandates acquittal on conspiracy charges as to the remaining defendant. *See United States v. Espinosa–Cerpa,* 630 F.2d 328, 331 (5th Cir.1980). This is known as the "traditional rule," *id.* or the "rule of consistency." *United States v. Sangmeister,* 685 F.2d 1124, 1126 (9th Cir.1982).

*Id.* But, the *Sachs* court then held

> However, if coconspirators are tried separately, the acquittal of all other coconspirators does not mandate acquittal as to the remaining conspirator. *United States v. Roark,* 753 F.2d 991 (11th Cir. 1985). This result is necessary because different juries may hear different evidence; "[t]hat the evidence was insufficient to support a guilty verdict in the one case does not mean that conviction on different evidence in another case was improper." *Id.* at 996. In other words, it is not necessarily inconsistent for two juries to reach differing results.

Now a part of Sixth Circuit precedent, *Sachs* requires reconsideration of this panel's reversal of Lauback's conspiracy conviction. *See also Standefer v. United States,* 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980) (despite prior acquittal in separate trial of alleged actual perpetrator of offense, an aider and abettor may be convicted in subsequent trial).

Defendant Boling can be retried alone on the conspiracy count. In such separate trial of Boling, *Sachs* mandates that if Boling is acquitted such acquittal "does not mandate acquittal as to the remaining conspirator." As to *Lauback,* the remaining conspirator, this panel has determined that the evidence viewed "in a light most favorable to the government" warranted the jury's finding Lauback guilty "on all counts." Hence, Boling's conspiracy count reversal and new trial remand does not force a reversal of Lauback's conspiracy count conviction and a remand for a new trial. Contrary to the panel's earlier conclusion, the "circumstances" do not require a result, which the panel noted, "may well be a windfall for him."

On reconsideration of the panel's reversal of Lauback's conspiracy count conviction, this panel concludes it erred in not applying and following *Sachs. Id.* at 845. The reversal of Lauback's conspiracy count conviction is vacated and the conspiracy count conviction is reinstated. In all other respects, the court's opinion is AFFIRMED.