894 F.2d 407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobbie Clinton BAKER, Petitioner-Appellant,
v.
Thomas J. STICKRATH, Supt., Respondent-Appellee.
 No. 89-3314.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1990.
 
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Bobbie Clinton Baker, a pro se Ohio prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Baker was charged with one count of aggravated murder and one count of attempted murder. Pursuant to a plea agreement, Baker pleaded guilty to voluntary manslaughter and attempted murder. He was sentenced to consecutive terms of four to twenty-five years imprisonment on each count. The Ohio Court of Appeals affirmed the conviction, and the Ohio Supreme Court denied discretionary review, and later dismissed Baker's second attempt at a direct appeal. Thereafter, Baker filed a petition for post-conviction relief. The trial court denied the motion, the Ohio Court of Appeals affirmed the judgment and the Ohio Supreme Court denied discretionary review.
 
 
 3
 Baker then filed the instant habeas petition where he submitted a forty-four page brief raising a myriad of claims. For the sake of convenience, the claims have been divided into the following categories: 1) his guilty plea was involuntary; 2) he received ineffective assistance of trial counsel; 3) he received ineffective assistance of appellate counsel; 4) the indictment was defective; and 5) he did not receive a fair and adequate hearing in the Ohio Court of Appeals. The district court, in a comprehensive memorandum opinion, addressed each claim and dismissed the petition finding none of the claims warranted habeas relief.
 
 
 4
 Upon review, we affirm the district court's judgment for the reasons stated in its memorandum opinion dated April 6, 1989. We note however that the district court did not specifically address Baker's claim regarding trial counsel's alleged conflict of interest. Baker's counsel, Mr. Potts, had previously represented Baker's wife on a charge of involuntary manslaughter. Baker's wife was on probation from that conviction at the time of the instant offense. Baker alleged that trial counsel induced him to plead guilty so as not to jeopardize Ms. Baker's probation. (She allegedly gave Baker the gun used in the shooting.) We have examined the record and find no merit to this claim. At the time of the instant offense, Mr. Potts was no longer representing Ms. Baker. In fact, the day Baker turned himself in, Mr. Potts was out of the office sick, so the Bakers spoke with Potts' associate, Mr. Tittle, who accompanied the Bakers to the police station. Also, there was no joint representation because Ms. Baker was not charged as an accessory to the crime. Under these circumstances, we conclude that Baker failed to make an adequate showing of an actual conflict of interest. See United States v. Boling, 869 F.2d 965, 971-72 (6th Cir.1989) (per curiam), vacated in part on reconsideration, 884 F.2d 924 (6th Cir.1989); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987).
 
 
 5
 Finally, Baker was not entitled to an evidentiary hearing in the district court because he failed to show any specific deficiency in the fact-finding process of the Ohio courts. See McMillan v. Barksdale, 823 F.2d 981, 984 (6th Cir.1987).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed for the reasons stated in its memorandum opinion dated April 6, 1989. Rule 9(b)(5), Rules of the Sixth Circuit.