13-3152
United States v. Brooker (Zullo)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of October, two thousand fourteen.

PRESENT:
> AMALYA L. KEARSE,
> RICHARD C. WESLEY,
> DENNY CHIN,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                          13-3152

JEREMY D. ZULLO,

> *Defendant-Appellant.*

---

**FOR DEFENDANT-APPELLANT:**          Jeremy D. Zullo, *pro se*, Fort Dix, NJ.

**FOR APPELLEE:**          Craig S. Nolan, William B. Darrow, Assistant United States Attorneys, *for* Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont

(Murtha, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court is **AFFIRMED**.

Appellant Jeremy Zullo, proceeding *pro se*, appeals from the district court's judgment convicting him of, *inter alia*, conspiracy to distribute narcotics in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A). Zullo challenges only the district court's denial of his motion to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the sufficiency of an indictment. *United States v. Pirro*, 212 F.3d 86, 92 (2d Cir. 2000). A defendant who pleads guilty may obtain dismissal of the indictment only on the ground that the indictment failed to charge a federal offense. *United States v. Yousef*, 750 F.3d 254, 259 (2d Cir. 2014). An indictment charges a federal offense if it alleges all of the statutory elements essential for conviction. *See id.* The only elements of a § 846 narcotics conspiracy are "the existence of a conspiracy and the defendant's willful joining it." *United States v. Story*, 891 F.2d 988, 992 (2d Cir. 1989). Typically, an indictment is sufficient if it tracks the language of the statute and, "if necessary to apprise the defendant of the nature of the accusation against him, state[s] time and place in approximate terms." *United States v. Frias*, 521 F.3d 229, 235 (2d Cir. 2008).

Zullo argues that his indictment failed to state an offense under § 846 because it did not allege the existence of an agreement, did not allege that he knowingly joined the conspiracy, and stated that part of the conspiracy took place outside of the District of Vermont. These arguments fail. An indictment charging § 846 need only allege the existence of "a conspiracy to distribute drugs, the time during which the conspiracy was operative[,] and the statute allegedly

2

violated." *United States v. Bermudez*, 526 F.2d 89, 94 (2d Cir. 1975). The indictment here satisfied all these requirements.

Alleging the existence of an agreement would have been superfluous because, "[b]y definition, conspiracies require agreements," *United States v. Yu-Leung*, 51 F.3d 1116, 1122 n.3 (2d Cir. 1995). The indictment also did not need to allege that Zullo willingly joined the conspiracy because the "charge of conspiracy to violate a criminal law has implicit in it the elements of knowledge and intent." *Schnautz v. United States*, 263 F.2d 525, 529 (5th Cir. 1959). Finally, the indictment need only allege the approximate time and place of the crime to apprise the defendant of the nature of the accusation. *Frias*, 521 F.3d at 235. Where the offense took place is irrelevant for purposes of determining the district court's jurisdiction because district courts have jurisdiction over all federal criminal offenses irrespective of where they took place. *See* 18 U.S.C. § 3231. Zullo's third argument is therefore properly construed as a challenge to venue, and by pleading guilty, he waived that challenge. *See United States v. Calderon*, 243 F.3d 587, 590-91 (2d Cir. 2001). And because he bases his challenges to the other two counts of the indictment on his challenge to the conspiracy count, those derivative challenges also fail.

We have considered all of the arguments raised by Zullo on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the district court's judgment.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3