Robert Dahle **SPARROW**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 9739.

United States Court of Appeals
Tenth Circuit.

Nov. 5, 1968.

Rehearing Denied Dec. 18, 1968.

Arthur L. Fine, Denver, Colo., for appellant.

Lawrence M. Henry, U. S. Atty., and John J. Kelly, Jr., Atty., S.E.C., Denver, Colo., for appellee.

Before LEWIS, SETH and HICKEY, Circuit Judges.

SETH, Circuit Judge.

The defendant was indicted under a multiple count indictment charging violation of the fraud provisions of the Securities Act of 1933, 15 U.S.C. § 77q(a), and of the Mail Fraud Statute, 18 U.S.C. § 1341. The charges were tried to a jury and the jury returned a verdict of guilty as to two counts. The defendant was found not guilty on the remaining counts in the indictment. Defendant's motion for new trial was denied, and he was sentenced on each count, the sentences to run concurrently.

The defendant on this appeal urges that the trial court was in error in failing to give a proper instruction relating to the defendant's "good faith"; in failing to grant a new trial for the reason that the use of the mails as to count VII occurred after the purchaser there involved had paid for the property sold to him by the defendant, and was in error in several other respects including the failure to establish the use of the mails in regard to count II.

The record shows that the defendant and others devised or used a plan to sell trailer locations in trailer parks in order to raise money to purchase trailer park properties. The business varied from time to time, but basically the defendant and others sold to the investor what was referred to as a "slab" in a particular trailer court. This slab would be a prospective location which would be rented by some owner of a trailer or mobile home. Under the plan the investor was to receive a deed for this location and would receive a portion of the rents paid to the trailer park by the person who occupied it, and thus an income from the property conveyed by deed would be realized. The investor would also receive shares of stock in the corporation which was promoting the enterprises. The counts which are here involved concern lots which were to be located in a trailer park in Las Vegas, Nevada. The evidence showed that neither the defendant nor any corporation through which he was doing business owned a trailer park in Las Vegas. The indictment charging offenses under either the Mail Fraud Statute or the Securities Act was based upon the particular transactions with the particular investors concerned. Defendant was convicted on a count under each Act.

The first point urged by the defendant on this appeal is that the trial court was in error in refusing the instruction which he tendered relative to his "good

faith." The defendant also asserts as a portion of the same point that the instruction which the court did give relative to the issue of the defendant's good faith as a defense was not adequate.

■ The record shows that the defendant based much of his case upon the theory of "good faith" and especially his good faith as to the ownership of certain property to be used for the trailer court enterprise he was selling. It is apparent that a defendant is entitled to adequate instructions on his theory of the case if sufficient evidence is presented to support it. Beck v. United States, 305 F.2d 595 (10th Cir.). The record in the case before us shows that the evidence presented by the defendant showed that an instruction on his good faith theory of the case was called for as a fact question had been developed.

■ In considering the issues raised by the defendant on this appeal it is necessary to consider what the term "good faith" as used by the parties and in the previous decisions refers to, or to determine in what the defendant must have this "good faith." An examination of the cases previously decided by this court demonstrates that the basic reference in the opinions is to the defendant's good faith that the entire plan or scheme which has been devised and which is the subject of the promotion is economically sound. The references are not to the defendant's good faith as to the existence of any particular fact or situation; instead, as indicated above, it is good faith that the entire plan will be successful as a business.

In Steiger v. United States, 373 F.2d 133 (10th Cir.), a conviction under the Mail Fraud Statute was reviewed with particular consideration of the instructions given by the trial court on the issue of "good faith." We there said that the defendant had interposed the defense of good faith, and that there was evidence from which the jury could have found that the plan there promoted was practical and would succeed, and that the promises given would be kept. We there said: "Good faith is a complete defense to a charge of using the mails to defraud in violation of § 1341, supra, and a defendant is entitled to proper instructions on the theory of his defense, if, as here, there is evidence to support such theory." The case was there reversed for the reason that such an instruction had not been given, and we said:

"The fact that the scheme, viewed in retrospect, would be regarded as impractical and visionary by reasonable persons of ordinary judgment and prudence does not defeat a defense of good faith, if the defendant asserting such defense actually believed that the plan was practical and would succeed."

■ A similar statement appears in Hawley v. United States, 133 F.2d 966 (10th Cir.), where the court approved a trial court's instruction which directly covered the matter of good faith in the plan as a whole. The court there cautioned, as we do here, that no matter how firmly the defendant may believe in the plan, his belief will not justify baseless, false, or reckless representations or promises. Elbel v. United States, 364 F.2d 127 (10th Cir.).

We also held in Beck v. United States, 305 F.2d 595 (10th Cir.), that "good faith" is a complete defense to a mail fraud prosecution. The court there looked to the instructions as a whole and found that the issue of the honesty and of good faith was "squarely presented" to the jury. We also in the Beck case observed that it there could be argued that it was merely a legitimate venture that did not work out, but this was a question of fact for the jury. Thus again the court referred to the good faith of the defendant in the plan. This court has considered similar problems in Hofmann v. United States, 353 F.2d 188 (10th Cir.), and Frank v. United States, 220 F.2d 559 (10th Cir.).

■ Thus the good faith of the defendant in the plan or scheme and good faith intention to carry out the promises and representations constitutes a de-

fense which the defendant may assert in a prosecution both under the Mail Fraud Statute, 18 U.S.C. § 1341, and the fraud portions of the Securities Act, 15 U.S.C. § 77q(a). It is apparent that this defense and the statutory intention which is an essential element of the offense are both related to the defendant's objectives and purposes. As indicated above, the statutory and case law as developed is that one is an element of the offense to be proved beyond a reasonable doubt, and the other is developed as a defense to be asserted by the defendant as part of his theory of the case, and becomes a necessary issue upon which the defendant is entitled to adequate instructions if the evidence warrants.

In the case before us the instruction tendered by the defendant on good faith was considered by the court, but was not given. In fact no instruction relative to good faith was given by the court when its initial instructions were concluded. The defendant's attorney then stated that no objections were made to the instructions as given, but requested that an instruction be given on good faith. The court thereupon instructed the jury that "* * * the defendant maintains that he acted in good faith and, although he doesn't have to prove this, if you believe this, or if you entertain a reasonable doubt as to whether he acted with the requisite intent, it would be your obligation to find him not guilty because, as I say, this is essential." The court had previously instructed the jury:

"And I suppose if the jury believed, from the whole case, that the defendant always acted in good faith, then this would be inconsistent with the conclusion that the defendant acted with intent to cheat or defraud, which is an essential element of both these offenses. Now, the burden is not on the defendant to prove his good faith; he has no burden to prove anything."

This instruction is not as complete as the instruction given in Hawley v. United States, 133 F.2d 966 (10th Cir.), which was there approved and was likewise approved in Steiger v. United States, 373 F.2d 133 (10th Cir.); but in our opinion it was adequate. It was a separate instruction on the defendant's theory of the case which stated that if they believed that the defendant acted in "good faith," the jury would be obligated to find him not guilty. The reference was thus to all the acts of the defendant.

The defendant also assigns as error the failure of the trial court to grant a new trial for the reason that the letter involved in count VII was sent some three months after the initial investment was made by the investor there concerned. This letter discussed the operation of the venture generally, and contained representations as to the success of the business. It also contained some items of general information with regard to a "reorganization" of the corporation involved. An examination of this letter shows that it is a "lulling" letter of the nature discussed in Beasley v. United States, 327 F.2d 566 (10th Cir.), and in United States v. Sampson, 371 U.S. 75, 83 S.Ct. 173, 9 L.Ed.2d 136. The mailing of this letter was in furtherance of the general plan or scheme, and the record shows that it was sent during the course of the solicitation of the business by the defendant and money was later received from persons other than the particular investor to whom it was sent. This is sufficient in the holding of the above cited cases to invoke the Mail Fraud Statute, and we find no error in the action of the trial court with reference to this count.

The defendant makes a similar objection to the proof under count II which is the count under the Securities Act. This count concerns a personal solicitation and a mailing to investors. The material sent to this investor consisted of securities to be substituted for the ones originally sold to him. These securities were not paid for in full at the time the mailing was made.

The courts which have had the opportunity to examine this issue under the Securities Act have concluded that any

mailing incidental to the plan to defraud is sufficient to invoke the statute. The mailing under this act need not be "central" to the plan or scheme. It was so held by the Fifth Circuit in McDaniel v. United States, 343 F.2d 785 (5th Cir.), and by the Eighth Circuit in Little v. United States, 331 F.2d 287 (8th Cir.). In our opinion these cited cases correctly construe the act and when so applied the mailing in the case before us was sufficiently connected with the plan or scheme to invoke the act. The defendant argues that United States v. Robertson, 181 F.Supp. 158 (S.D.N.Y.), is contrary, but we do not so construe the case to require that the mailing be used directly in the sale of securities.

We have considered the other points urged by the defendant, including the assertion that the counts are inconsistent, that a deposition was improperly used in cross-examination, and that there was improper cross-examination of the defendant by the court. We find no merit in these points, and it would appear that no separate treatment of them in this opinion is necessary.

Affirmed.