**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Amos A. HOPKINS,
Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Larry PETERMAN,
Defendant-Appellant.**

**Nos. 81–1271, 82–1100.**

United States Court of Appeals,
Tenth Circuit.

July 10, 1984.

Submission to Panel in No. 82–1100
Vacated July 10, 1984.

Mary E. Bane, of Oyler, Smith & Bane, Oklahoma City, Okl., for defendant-appellant in 81–1271.

Jerome H. Mooney, Mooney & Smith, Salt Lake City, Utah, Michael P. Carnes, Dallas, Tex., James H. Barrett, Cheyenne, Wyo., for defendant-appellant in 82–1100.

David L. Russell, U.S. Atty., John R. Osgood, Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff-appellee in 81–1271.

Richard A. Stacy, U.S. Atty., Francis Leland Pico, Asst. U.S. Atty., Cheyenne, Wyo., for plaintiff-appellee in 82–1100.

Before SETH, Chief Judge, HOLLOWAY, McWILLIAMS, BARRETT, McKAY, LOGAN and SEYMOUR, Circuit Judges.

SETH, Chief Judge.

These two cases were consolidated for en banc consideration on the briefs on motion by the court.

In *United States v. Hopkins*, 81–1271, the defendant was tried and convicted on a multiple count indictment charging mail fraud (18 U.S.C. §§ 2 and 1341) and conspiracy to use the mails to defraud. The only issue considered by the court en banc was whether adequate instructions had been given on the defense of good faith. The panel opinion appears at 716 F.2d 739 (10th Cir.).

In *United States v. Peterman*, 82–1100, the basic defense to the mail fraud charge was good faith. The defendant requested an instruction on the point and it was refused. The case was originally submitted to a panel of this court but no opinion was filed. As mentioned, it was consolidated with *United States v. Hopkins* for en banc consideration of the instruction on the good faith defense.

We have stated in several cases that "good faith" is a defense to charges of using the mails to defraud. This was so held in *Steiger v. United States*, 373 F.2d 133 (10th Cir.), wherein we said:

"Good faith is a complete defense to a charge of using the mails to defraud in violation of § 1341, supra, and a defendant is entitled to proper instructions on the theory of his defense, if, as here, there is evidence to support such theory."

In *Steiger*, the charges were brought under 18 U.S.C. § 1341. *See also United States v. Roylance*, 690 F.2d 164 (10th Cir.), *United States v. Westbo*, 576 F.2d 285 (10th Cir.), and *Sparrow v. United States*, 402 F.2d 826 (10th Cir.). Thus if the defense of good faith has been interposed the defendant is entitled to an instruction directly on the issue provided there is sufficient evidence to support the theory and such an instruction is requested.

Whether there is "sufficient" evidence to support the theory is determined as in any other trial where the question

arises as to whether a particular matter should be submitted to a jury. In mail fraud cases there is sufficient evidence when the jury could reasonably find from such evidence that the defendant in good faith believed that the plan would succeed, that the promises made would be kept and the representations carried out. This is best stated again in *Steiger v. United States*, 373 F.2d 133 (10th Cir.):

> "Each defendant interposed the defense of 'good faith.' There was evidence from which the jury could have found that each defendant in good faith believed that the referral plan was practical and would succeed, however visionary in retrospect it may seem to be, and that the promises given would be kept and the representations made would be fulfilled."

That the plan, with the benefit of hindsight at time of the trial, may seem to have been somewhat visionary or not completely practical makes no difference if the defendant actually believed the plan would succeed, that the representations would be carried out and the promises were true. In *Hawley v. United States*, 133 F.2d 966 (10th Cir.), we also referred to "visionary plans" but of course not part of a plan to defraud. Thus the approved instructions there covered promises made in good faith and "not as a part of a deliberate plan or scheme to defraud." The "good faith" in *Hawley* included the above requirements as to the representations and promises as necessary ingredients with the actual belief in the plan. Requested instructions which were approved by the court and instructions given appear in the cited cases.

The determination by the jury as to whether a good faith defense has been established requires a consideration under proper instructions of elements which are all peculiarly within the province of the jury.

▉ The "good faith" instruction is required to be given as a separate subject. Thus instructions on wilfulness, on aspects of intent, on untruth of representations or fraudulent statements are *not* sufficient for this purpose. There must be a full and clear submission of the good faith defense as such. *United States v. Steiger*, 373 F.2d 133 (10th Cir.). *See also United States v. Beitscher*, 467 F.2d 269 (10th Cir.); *Mesch v. United States*, 407 F.2d 1286 (10th Cir.).

Our holding as to the need for a good faith instruction in the above cases is intended to apply to both substantive and conspiracy counts for mail or wire fraud.

In *United States v. Westbo*, 576 F.2d 285 (10th Cir.), we considered a requested instruction which was directed to intent and was so evaluated. The case does not constitute a holding on the issue here decided; however, to the extent it may be considered to be contrary to this opinion, it is overruled.

### 81–1271—*United States v. Hopkins:*

The opinion in *United States v. Hopkins*, our No. 81–1271, which was originally entered, and which appears at 716 F.2d 739 (10th Cir.), is withdrawn.

▉ In our initial consideration of the record in *Hopkins* it was determined that there was sufficient evidence to support an instruction on defendant's theory of good faith. The defendant requested instructions which were proper. The instructions given did not submit the issue of good faith. The judgment of the trial court in *United States v. Hopkins*, 81–1271, as to Counts I through XI, must be and is set aside, and the case is remanded for a new trial as to such counts. IT IS SO ORDERED. However, as to Count XIV for conspiracy there was insufficient evidence to support the judgment as to that count, and on remand it must be dismissed, and IT IS SO ORDERED.

### 82–1100—*United States v. Peterman:*

In *Peterman*, the charge was brought under 28 U.S.C. § 1291. We must and do hold that there was sufficient evidence to require the submission of the good faith defense to the jury. As in *Hopkins*, herein considered, an adequate instruction as to the good faith defense was requested but not given, and the judgment must be set

aside and the case remanded for a new trial. IT IS SO ORDERED.

McWILLIAMS, Circuit Judge, dissents.

I am in accord with the views expressed by the panel in *United States v. Hopkins*, 716 F.2d 739 (10th Cir.1982), at pp. 749–52.