774 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
United States of America, Plaintiff-Appellee,
v.
Charles Leonard Ellington, Defendant-Appellant.
 No. 84-3696
 United States Court of Appeals, Sixth Circuit.
 9/3/85
 
 S.D.Ohio
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 BEFORE: JONES, Circuit Judges, EDWARDS, Senior Circuit Judge; and SILER, District Judge.*
 PER CURIAM.
 
 
 1
 Appellant, Charles Ellington, appeals his conviction of thirteen cocunts of mail fraud in violation of 18 U.S.C. Sec. 1341, and one count of wire fraud in violation of 18 U.S.C. Sec. 1343. Appellant argues that the evidence was insufficient to support the conviction, and that the instructions failed to put the theory of the defense before the jury. We affirm the judgment of the district court.
 
 I.
 
 2
 Appellant first contends that the evidence was insufficient to support the conviction because there was no evidence that he acted with intent to deceive or defraud. Viewing the evidence in the light most favorable to the government, United States v. Stone, 748 F.2d 361, 363 (6th Cir. 1984), it is clear that there was sufficient evidence upon which to base the conviction. The evidence showed that appellant went into business for himself and formed the company Unlimited Financing. He represented to clients that he had the ability to obtain large loans through the use of insurance guarantees and that he represented to had special access to lenders who could fund large business ventures or construction projects. He also advised prospective clients that he had successfully closed numerous loans in the past. He assured them that, based on his track record and his analysis of their projects, he would be able to obtain funding for them. Appellant admitted even at trial, however, that he had never successfully closed a loan using insurance guarantees.
 
 
 3
 Appellant contends that the evidence is not inconsistent with his defense that he acted in good faith. However, even if Ellington honestly believed in the ultimate success of his venture, that belief is not a defense to mail fraud. United States v. Stull, 743 F.2d 439, 446 (6th Cir. 1984), cert. denied, 105 S. Ct. 1779 (1985). In Stull the Court upheld mail fraud convictions wheremisrepresentations included both promises to fund within short periods of time (30-45 days) and promises that 96% of the loan requests were funded, but where no loans were funded. Id. at 443. "[N]o matter how firmly the defendant may believe in the plan, his belief will not justify baseless, false, or reckless representations or promises." 743 F.2d at 446 (quoting Sparrow v. United States, 402 F.2d 826, 828 (10th Cir. 1968). In sum, there is ample evidence from which the jury could find that Ellington intentionally devised a scheme to defraud his clients and that he used the mails and, in one instance, the wires to obtain funds from his clients.
 
 II.
 
 4
 Appellant next contends that the instruction regarding intent was insufficient to place the good faith defense of the accused before the jury. Appellant had requested the following instruction:
 
 
 5
 If the evidence in the case leaves you with a reasonable doubt as to whether the Defendant in good faith believed his statements to be true at the time he made them, then you must find the Defendant not guilty.
 
 
 6
 The district judge disallowed the instruction because he believed the defense related directly to the element of intent and that the instruction that the government must prove intent beyond a reasonable doubt was adequate to meet defendant's concern.
 
 
 7
 Appellant relies on United States v. Goss, 650 F.2d 1336, 1345 (5th Cir. 1981), to argue that the failure to give the good faith instruction was error. The government correctly notes that following the trial in this matter the Sixth Circuit addressed this question in United States v. McGuire, 744 F.2d 1197, 1200-01 (6th Cir. 1984), cert. denied, 105 S. Ct. 1866 (1985), and rejected the position set forth by the Fifth Circuit in Goss. This Court held in McGuire that although the better practice is to give a good faith instruction, the failure to do so was harmless given the fact that the instructions with regard to specific intent expressly informed the jury of the defendant's theory of the case and properly placed the burden of proof of intent on the government. Id. at 1201-02. The instructions in the instant case advised the jury that the defendant's actions must be knowingly and intentionally done, without mistake, accident or an innocent reason and with a specific intent and bad purpose to violate the law. The court also instructed the jury that fraudulent statements, if known to be untrue or made with reckless indifference to the truth, must be made with intent to deceive. The court further instructed the jury that it must find that the defendant acted with intent to defraud, that is, 'to act knowingly and with the specific intent to deceive, ordinarily for the purpose of either causing some financial loss to another or bringing about some financial gain to oneself.' The instructions did not, however, expressly inform the jury of the defendant's theory.
 
 
 8
 Nevertheless, we believe the error was harmless given the strength of the proof in this case regarding appellant's intent to deceive. Appellant only argued that his statements regarding his dealings with other brokers and his belief that he could obtain funding were made in good faith. He admitted at trial that he had never been successful in closing a loan using insurance guarantees and that the only lender he represented was in reality an agent of lenders. Consequently, the statements made regarding his past successes and his relationships with lenders were blatantly untrue and could not have been made in good faith. These representations were made to induce payment of a fee and constitute a sufficient basis by themselves for sustaining the mail and wire fraud convictions. Proof of any one or more of the fraudulent misrepresentations charged, made pursuant to the scheme to defraud, is adequate for conviction of violating 18 U.S.C. 1341. United States v. Toney, 598 F.2d 1349 (5th Cir.), cert. denied, 444 U.S. 1033 (1979); United States v. Halbert, 640 F.2d 1000 (9th Cir. 1981). In sum, the court should have given the instruction, but the failure to do so without the benefit of Mcguire was harmless error.
 
 
 9
 Appellant also claims that the instructions failed to make it clear to the jury that the existence of a scheme to defraud must exist apart from the acts allegedly committed in furtherance of the alleged scheme. We decline to address this issue because of appellant's failure to preserve the issue by objecting to the instruction.
 
 
 10
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief Judge, United States District Court for the Eastern District of Kentucky, sitting by designation