**UNITED STATES of America,**
**Appellee,**

v.

**Abdo Ahmed Al MORSHED,**
**Defendant–Appellant.**

**Docket No. 02–1595.**

United States Court of Appeals,
Second Circuit.

June 24, 2003.

David A. Lewis, The Legal Aid Society, New York, New York, for Appellant.

Adam Abensohn, Assistant United States Attorney, pro hac vice (Cecil C. Scott and Lara Treinis Gatz, Assistant United States Attorneys, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, New York, for Appellee.

PRESENT: MCLAUGHLIN, LEVAL, and RAGGI, Circuit Judges.

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 24th day of June, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's

judgment of conviction, entered on September 30, 2002, is AFFIRMED.

Defendant–Appellant Abdo Ahmed Al Morshed was convicted after a jury trial of (1) falsely representing to the Social Security Administration ("SSA") that he was authorized by the Immigration and Naturalization Service ("INS") to work in the United States, see 18 U.S.C. § 1001(a)(1), and (2) submitting a counterfeit alien registration document to the SSA falsely representing his INS work authorization, see 18 U.S.C. § 1001(a)(3). Sentenced to five-months' incarceration, three-years' supervised release, and a $200 special assessment, Al Morshed challenges his judgment of conviction on the grounds that the district court refused to charge the jury on the defense of "good faith."

Al Morshed, a native of Yemen, entered the United States on April 18, 1992 with a B–2 visitor's visa scheduled to expire on October 17, 1992. Long overstaying that visa, Al Morshed in 1998 decided to apply to the SSA for a social security number. On September 24, 1998, at the SSA office in Bay Ridge, Brooklyn, he filed his application, supporting it with his passport, which contained a fraudulent INS I–94 form reflecting an R–1 (religious worker) visa. As an SSA employee testified, the holder of an R–1 visa is eligible for a social security card, but the holder of a B–2 visa is not.

Testifying in his own defense, Al Morshed did not dispute either the fact of his September 24, 1998 SSA application or the fraudulency of the submitted I–94 form and R–1 visa. Instead, he denied any knowledge that his passport contained these false documents and any intent to defraud.

Al Morshed explained that he had been assisted in his SSA application by a woman, "Theresa," whom friends had recommended as someone able to get social security cards, "fix" drivers' licenses, and "do lots of stuff." Before going to the SSA office, Morshed paid Theresa several hundred dollars for her assistance. He also gave her his passport so that she could prepare his application forms. He insisted that he had no idea when he submitted the passport to SSA officials that Theresa had supplied him with a different visa.

Al Morshed acknowledged that he was initially concerned about how Theresa would facilitate his application for a social security card, but concluded that everything was legal after seeing that she worked out of an established business office, and receiving assurances from friends, one of whom told him, "why you afraid, everybody does it." On cross-examination, Al Morshed admitted knowing that a valid visa was a prerequisite to securing a social security number and that he lacked such a visa.

Before summations, defense counsel asked the district court to give the jury a "good faith defense" charge,[1] but the court

---

1. The requested charge reads as follows:

Good faith is an absolute defense to both of the charges in this case. This is so because good faith on the part of the defendant is, simply, inconsistent with a finding that the defendant acted knowingly and willfully.

A person who acts on a belief or an opinion honestly held is not guilty even if the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an error does not rise to the level of knowledge and willfulness required by the law.

The laws at issue here are intended to subject to criminal punishment only those people who knowingly and willfully attempt to deceive. The burden of proving good faith does not rest with the defendant because the defendant does not have an obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant

declined on the grounds that the instruction could be confusing and that the charge was unnecessary in light of the government's burden to prove Al Morshed's knowledge and intent.[2] Defense counsel was permitted to argue in summation Al Morshed's good faith belief that he was legally pursuing a social security number.

Although we review a claim of error in jury instructions *de novo,* we will reverse "only where appellant can show that, viewing the charge as a whole, there was a prejudicial error." *United States v. Tropeano,* 252 F.3d 653, 657–58 (2d Cir.2001). To establish prejudicial error based on denial of a requested instruction, appellant must show that the charge requested "is legally correct, represents a theory of defense with basis in the record that would lead to acquittal, and the theory is not effectively presented elsewhere in the charge." *United States v. Doyle,* 130 F.3d 523, 540 (2d Cir.1997) (quoting *United*

> acted knowingly and willfully to conceal or cover up and make or use a false writing or document.
> If the evidence in the case leaves the jury with a reasonable doubt as to whether the defendant acted in good faith, the jury must acquit the defendant.

2. On Count One, the court charged knowledge and intent as follows:

> The third element the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully and this is the part contested most strongly in this case. An act is done knowingly if it is done voluntarily and purposely and not by accident, mistake, inadvertence, ignorance or carelessness. An act is done willfully if it is done with an intention to do something the law forbids, that is to say with a bad purpose to disobey the law. The exact way the law is being disobeyed or the precise terms of the law need not be known to the defendant.
> In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious to him. If you find beyond a reasonable doubt that the defendant acted with a conscious purpose to avoid learning the truth about criminal conduct then this element is satisfied.
> The burden of proof beyond a reasonable doubt is on the government as to these issues. If the defendant actually believed that the document or application relied upon was true, he cannot be convicted on the theory of conscious avoidance. Conscious avoidance cannot meet the willfulness requirement. It applies only to the knowledge requirement.

> On Count Two, the court charged:
> Third, the government must prove beyond a reasonable doubt that the defendant acted knowingly and willfully. Again, this was a main contested issue in the case. An act is done knowingly if it is done voluntarily and purposely and not by accident, mistake, inadvertence, ignorance or carelessness. An act is done willfully if it is done with the intention to do something the law forbids, that is to say with a bad purpose to disobey the law.
> The exact way the law is being disobeyed or the precise terms of the law need not be known to the defendant. If you find that a writing or document used by the defendant did contain a false, fictitious or fraudulent statement or entry, if you find the statement or entry was made by someone other than the defendant, the government must prove beyond a reasonable doubt that the defendant was personally aware that he was using a false statement or entry. Again, he need not know the precise way in which it was false, but must know that it was false in some material respect.
> In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious to him. If you find beyond a reasonable doubt that the defendant acted with a conscious purpose to avoid learning the truth about criminal conduct, then this element is satisfied. . . .
> The burden of proof beyond a reasonable doubt is on the government. If the defendant actually believed that he was not submitting a false document or writing he cannot be convicted on the theory of conscious avoidance. Conscious avoidance cannot meet the willfulness requirement.

*States v. Vasquez,* 82 F.3d 574, 577 (2d Cir.1996)). Because the district court's charge in Al Morshed's case effectively communicated the essence of a good faith defense in its discussion of the elements of knowledge and willfulness, we reject appellant's claim of prejudicial error.

This court has long adhered to the view held by a majority of the circuits that a district court is not required to give a separate "good faith defense" instruction provided it properly instructs the jury on the government's burden to prove the elements of knowledge and intent, because, in so doing, it necessarily captures the essence of a good faith defense. *See United States v. Doyle,* 130 F.3d at 540–41; *United States v. McElroy,* 910 F.2d 1016, 1026 (2d Cir.1990); *see also United States v. Upton,* 91 F.3d 677, 683 (5th Cir.1996); *United States v. Rushton,* 963 F.2d 272, 274 (9th Cir.1992); *United States v. Gross,* 961 F.2d 1097, 1102–03 (3d Cir.1992); *United States v. McGuire,* 744 F.2d 1197, 1201–02 (6th Cir.1984); *United States v. Gambler,* 662 F.2d 834, 837 (D.C.Cir.1981); *New England Enterprises, Inc. v. United States,* 400 F.2d 58, 71 (1st Cir.1968). To the extent a minority of the circuits take a different view, *see United States v. Casperson,* 773 F.2d 216, 223–24 (8th Cir.1985) (requiring good faith defense charge when specifically requested and factually warranted); *United States v. Hopkins,* 744 F.2d 716, 718 (10th Cir.1984) (en banc), we decline to depart from our holdings in *McElroy* and *Doyle.*[3]

In Al Morshed's case, the district court meticulously instructed the jury on the government's burden to prove knowledge and intent. It emphasized that these were the most strongly contested issues in the case, and made plain that defendant

could not be found guilty for false representations or submissions made by mistake, inadvertence, ignorance, or even carelessness. To convict, the jury had to be persuaded beyond a reasonable doubt that any falsehoods were made purposely and with the express intent to violate the law. These instructions capture the essence of the good faith defense, for someone cannot believe in good faith that he was acting properly and within the law if he knowingly submitted false documents intending to disobey the law. The district court reiterated this point when – obviously alluding to Al Morshed's version of events—it instructed the jury that if someone other than defendant had prepared the false statements or documents, Al Morshed could be found guilty only if the government proved that he "was personally aware" of their falsity. The court correctly instructed that such personal knowledge could be established through evidence of Al Morshed's conscious avoidance of obvious falsity, but it emphasized that if the defendant "actually believed" that his submissions to the SSA were not false, then he could not be convicted. The proposed defense charge adds nothing to this detailed discussion of the government's burden to prove knowledge and intent other than the words "good faith."

Accordingly, we find no prejudicial error, and hereby AFFIRM the judgment of conviction.

---

**3.** Indeed, we could not do so absent en banc review. *See Jones v. Coughlin,* 45 F.3d 677,

679 (2d Cir.1995) (per curiam).